[Civ. No. 5903. First Appellate District, Division One.—October 28, 1927.]

JAMES L. McLAUGHLIN COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and GEORGE HEINE, Respondents.

Barry J. Colding, Theodore Hale and Thacher & Wright for Petitioner.

G. C. Faulkner for Respondents.

CASHIN, J.—A proceeding in *certiorari* to review an award made by the Industrial Accident Commission.

On December 7, 1926, George Heine filed an application with the Commission for the adjustment of a claim for compensation, the defendants named in the application being James H. McLaughlin (whose true name was James L. Mc-

Laughlin), who was alleged therein to be the employer of the applicant, and the New Amsterdam Casualty Company, the alleged insurance carrier. The defendants named appeared in the proceeding and McLaughlin testified at the hearing. The Commission on January 29, 1927, made an award for normal compensation against McLaughlin, who, according to the findings, was the employer, and the New Amsterdam Casualty Company, found to be the insurance carrier, and awarded the applicant a further sum based upon the serious and wilful misconduct of the employer in failing to comply with the safety orders of the Commission.

After the award was made defendant McLaughlin filed a petition for a rehearing, alleging that the applicant at the time of the injury was employed by the James L. McLaughlin Company, a corporation, of which the defendant was president. A rehearing was granted, and on April 6, 1927, the time fixed therefor, the corporation was formally made a party to the proceeding, the order providing that the case should be open for an answer to be filed within three weeks.

At this hearing it appeared from the testimony of McLaughlin and the statement made by the counsel representing the Casualty Company that both understood and believed that the original proceeding was against the James L. McLaughlin Company, and that they were not apprised that this corporation was not named in the application as the employer until after the award was entered. It further appears from the attorney's statement that at the hearings preceding the award he was representing the James L. McLaughlin Company as well as the insurance carrier, and that the latter carried insurance only for the corporation. At the time of the rehearing the attorney mentioned entered on behalf of the James L. McLaughlin Company an oral plea, alleging that more than six months had elapsed between the date of the injury and the date when the corporation was made a party to the proceeding, and that the claim for compensation based upon the alleged misconduct of the employer was barred by the provisions of section 11 of the Compensation Act (Stats. 1917, p. 841).

Further evidence was taken, and on May 28, 1927, the decision on rehearing was filed, in which the Commission found that at the time the injury occurred the applicant was employed by James L. McLaughlin Company, and an award

was made against the latter and the insurance carrier for the same amounts previously awarded against the insurance carrier and James L. McLaughlin.

In the present proceeding the petitioner, James L. McLaughlin Company, contends that the second award should be annulled for the reason that the corporation was not served with notice of the filing of the application for compensation, that it was not afforded an opportunity to adduce evidence in defense of the claim, and that the portion of the claim for compensation based upon misconduct by the employer was barred by the provisions of the statute.

As stated, petitioner through its attorney orally interposed the plea of the statute of limitations to the application and as appears from the record filed a written answer thereto. The attorney also represented petitioner at each of the hearings, and cross-examined the witnesses, including the applicant, and both its president and attorney had full knowledge of the actual facts of the case which through inadvertence they failed to disclose to the applicant or to the Commission. Furthermore, at the close of the last hearing the attorney was asked by the referee whether he wished further notice or a further hearing on behalf of petitioner, to which inquiry, as may be reasonably inferred from his statements, he replied in the negative.

It is clear from the foregoing that formal notice was waived by petitioner; that it was afforded a full opportunity to be heard at every stage of the proceeding, and, as held under similar circumstances in *Pruitt* v. *Industrial Acc. Com.*, 189 Cal. 459 [209 Pac. 31], the Commission was not without jurisdiction to make the award.

With respect to the bar of the statute while petitioner was not a formal party to the proceeding previous to April 6, 1927, it was such in effect. Moreover, the evidence shows that after the injury the applicant was paid compensation, the last payment, as may reasonably be inferred from the testimony of the applicant, having been made on October 7, 1926. As provided by section 11 of the act the above payment had the effect of extending for six months the time within which proceedings for the collection of compensation might be commenced, and this period expired on April 7, 1927.

We find no ground for the contention that the Commission was without jurisdiction, and its award, being fully supported by the evidence, is affirmed.

Tyler, P. J., and Knight, J., concurred.

An application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 27, 1927.