In the Matter of the Claim of CORA L. DILLIARD and Another, Respondents, against BRANCH STORAGE Co. and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The sole issue involved in this appeal is whether the father and mother were dependent on the deceased employee at the time of the accident which resulted in his death. The deceased was in the employ of the Branch Storage Co., Inc., with its office in New York State in New York city. He was working as a truck driver and had an accident which resulted in his death on the 13th day of November, 1934. His weekly wage was twenty-one dollars and sixty cents. The deceased formerly worked at Allentown, Pa., where his employer had an office. He was transferred to New York in 1933 and worked for the same concern in the same capacity. The Industrial Board found that his father and mother were both dependent and made an award. Deceased was in the habit of going to Allentown each week or every two weeks to visit his parents. The household at Allentown consisted of his mother, his father, and two other children, Mabel and William. Mabel was married and lived at home. The deceased contributed on the average of ten dollars a week to the support of his father and mother. The other children also contributed. The mother was sixty years of age. Neither the father or mother owned any real estate, stocks, bonds or mortgages or had any money in the bank. The father worked three and one-half months out of each year, which was all his earning capacity. The record contains sufficient evidence to sustain the award of death benefits that has been made to the mother. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of PATRICK CARBERRY, Respondent, against BROOK-LYN-MANHATTAN TRANSIT CORPORATION, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award made by the State Industrial Board, pursuant to the provisions of the Workmen's Compensation Law, for fifty per cent permanent loss of use of claimant's right thumb. The accident occurred on October 24, 1924. No claim for compensation was filed by the claimant until June 1, 1935, and the first hearing thereon was held on July 9, 1935, when all parties in interest were present. At this hearing no objection was made by the employer that the claim for compensation had not been filed within a year after the accident. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of TERESA E. O'HERN, Appellant (No. 73307270R), against CITY OF HORNELL, Respondent. STATE INDUSTRIAL BOARD, Respondent. In the Matter of the Claim of TERESA E. O'HERN, Appellant (No. 73503965R), against CITY OF HORNELL, Respondent. STATE INDUSTRIAL BOARD, Respondent.— Appeal from decision of State Industrial Board which rescinded an award for decedent's disability and for death benefits previously made by a referee and dismissed the claims. The Industrial Board found no causal relation between the accident and the disability and death. There is ample evidence to support this finding. Decision unanimously affirmed. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.