GRAIN HANDLING CO., Inc., et al. v. Mc-MANIGAL, Deputy Com'r, U. S. Employees Compensation Commission, et al.

No. 6.

District Court, W. D. New York.
Jan. 18, 1940.

Brown, Ely & Richards, of Buffalo, N. Y. (David S. Jackson, of Buffalo, N. Y., of counsel), for plaintiffs.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (Joseph J. Doran, Asst. U. S. Atty., of Rochester, N. Y., and Z. Lewis Dalby, Chief Counsel, U. S. Employees' Compensation Commission, of Washington, D. C., of counsel), for defendant Kenneth G. McManigal.

Winton Henry Church, of Buffalo, N. Y., for defendant Mary Kane.

KNIGHT, District Judge.

John P. Kane was employed as a scooper in the unloading of grain boats at Buffalo, New York, from October 24, 1925, to April 24, 1934, by Grain Handling Corporation and from May 2, 1934, to June, 1936, by Grain Handling Co., Inc. The Commissioner found that he had been in good health up to 1933, at which time he was found to be suffering from tuberculosis and that from that time on the aggravation of his tubercular condition due to his employment became more pronounced and finally reduced his condition to a state of total disability in June, 1936, and that as the result of this aggravated condition due to his employment he died on January 28, 1937. He continued to work except during seasonal lay offs during the winter months of 1934–35 and 1935–36, until shortly before his death.

Grain Handling Corporation was dissolved on April 24, 1934. The business was taken over in its entirely on April 25, 1934, by Grain Handling Co., Inc., the main change being a difference in the stock holding. No notice of the change was given to employees.

The claim herein was filed by the widow of deceased under the Longshoremen's & Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., 33 U.S.C.A. § 901 et seq., concededly a day after the expiration of the year fixed by the statute for filing of claims. Taking of testimony on the claim was begun on March 11, 1938, and continued on May 6, July 7 and 9 of the same year. At the May hearing the distinction between the two corporations appeared, at which time objection was interposed on behalf of the employers on the ground that no claim against them was filed within one year after the death of the employee. The Deputy Commissioner over-ruled the objection that the new corporation be brought in as a party to the proceeding, and the proceedings continued to an award by the Deputy Commissioner against the two corporations jointly.

A finding must be made on the fundamental question of whether deceased suffered from an occupational disease, a requisite for an award under the Act. It is urged by complainants that the Act, under which the present action is brought, is modeled after the New York Act and that no New York case has found ultimately that tuberculosis is an occupational disease except as to hospital employees. However, the facts here are so similar to those of Grain Handling Co., Inc., v. Sweeney, 2 Cir., 102 F.2d 464, that such finding is necessarily that deceased suffered from an occupational disease. The medical testimony adequately establishes the presence and advance of the disease, the causal connection with the employment and death resulting from such disease.

The next question arising is whether both corporations were properly before the Deputy Commissioner as defendants in the compensation proceeding. The claim designated Grain Handling Corporation only, but stated that deceased was an employee of that company "at the time of his death on January 28, 1937." The notice of hearing was directed to Grain Handling Corporation only but was sent to the address which was the address of both companies and at which men who were officers of both corporations could be reached. Notice of hearing was properly served upon Grain Handling Corporation. Likewise it must be held that Grain Handling Co., Inc., was made a party to the proceedings. The claim came or should have come to the attention of its officers and sufficiently indicated that such company was liable, since it indicated the date of death of deceased as occurring during the period of his employment by said company. Claimant's attorney states and plaintiff's attorney concedes that it was intended that the claim be filed against the second company. Under the circumstances, in view of the

similarity of names and the lack of notification of the employee of the change, it would be inequitable to find that a claim, filed against the company which hired the employee, was not properly filed against the company which continued to employ him. The Commissioner ruled at the May hearing that the companies were guilty of laches in not calling attention to the change of the business, stating that "These companies practically constitute the same business." The insurance of both companies was carried by the same insurer, and the representative of said insurer stated at the hearing of May 6th that he had been appearing for both companies. The facts are quite similar in this respect to those of James L. McLaughlin Co. v. Industrial Accident Commission, 86 Cal.App. 406, 260 P. 829.

Section 913(b) of the Act provides that failure to file a claim within one year shall not be a bar "unless objection to such failure is made at the first hearing * * in which all parties in interest are given reasonable notice and opportunity to be heard." Concededly, no such objection was made on behalf of either company at the hearing of March 11. · The claimant and the Deputy Commissioner contend that both corporations were properly notified of the first hearing and were represented thereat and that, upon their failure to raise the objection, the award was properly made as against both companies. It is contended by plaintiffs' attorney that all parties in interest were not represented at the March hearing, since the new company was not brought in until the May hearing, that the objection could not have been made on behalf of both companies until that time, that the objection was then raised and that no award should have been made against either employer. In view of the finding above made claimant's position must be sustained.

Plaintiffs contend further that by "first hearing," the legislation intended to include not only the initial hearing, but also, if any adjournments were taken, the adjourned hearings. Under this contention all continuations up to the time an award is made or rejected would constitute the first hearing. It seems to the court that the intent of the statute was to require the defense to be raised promptly and that in using the words "at the first hearing" it meant that the defense should be claimed "at the first opportunity upon going before the Deputy Commissioner." The courts of New York State seem to have adopted such an interpretation. Matter of Carberry, 249 App.Div. 899, 292 N.Y.S. 749; Callow v. Feinberg, 232 App. Div. 860, 249 N.Y.S. 820; Van Clovski v. American Locomotive Co., 227 App.Div. 677, 236 N.Y.S. 914. See also James L. McLaughlin Co. v. Industrial Accident Commission et al, supra. The court finds that Grain Handling Corporation did not raise the defense of the statute of limitations at the first hearing. The language of the Circuit Court of Appeals · for the Second Circuit in Candado Stevedoring Corp. v. Lowe, 85 F.2d 119, at page 121, is that "we think it important to have the right of workmen to compensation treated in a liberal spirit and only denied where some injustice or injury to the employer appears. The right of the employee should not be defeated by mere technicalities."

The award of the Deputy Commissioner is affirmed as against both Grain Handling Corporation and Grain Handling Co., Inc., and the complaint is dismissed.