PER CURIAM.
The petitioner was injured in an accident March 18, 1958, which arose in the course of his employment. Claim was filed December 19, 1960, more than two years after the accident. The facts are not in dispute. A hearing was held by the deputy commissioner May 9, 1961, at which time respondents orally contended that the claim was barred by the statute of limitations. The deputy commissioner held the respondents had waived the right to plead the statute of limitations but on appeal to the full commission the order of the deputy was reversed. The sole question before the full commission was whether respondents timely raised their defense that petitioner’s claim was barred by his failure to file the same within two years after the time of the injury as set forth in § 440.19(1), Florida Statutes, F.S.A.
Section 440.19(2), Florida Statutes, F.S.A., provides:
“Notwithstanding the provisions of subsection (1) failure to file claim within the period prescribed in such subdivision shall not be a bar to such right unless ¡objection to such failure is made at the first hearing of such claim in *226 which all parties in interest are given reasonable notice and opportunity to be heard.” (Emphasis supplied)
Chronologically the following pertinent events took place after the filing of the claim:
Jan. 25, 1961 Deputy commissioner gave all parties notice of a final hearing to be held on May 4, 1961.
Feb. 6, 1961 Claimant propounded interrogatories to respondents, one of which requested respondents to state “all defenses to the claim.”
Mar. 27, 1961 Claimant’s attorney by letter gave respondents three days notice of a hearing on his motion to require answers to the interrogatories.
Mar. 30, 1961 A stenographically recorded hearing was held before the deputy on claimant’s motion. Counsel for respondents did not appear. The deputy entered an order requiring answers to said interrogatories.
April 7, 1961 The deputy rescheduled the May 4 hearing to May 9, 1961.
April 11, 1961 A recorded hearing is held before the deputy to rule on claimant’s motion to suppress the taking of claimant’s deposition. Respondents’ counsel was given five days notice of the hearing by claimant’s counsel. Respondents’ counsel did not appear, however, he did stipulate with the claimant that it would be satisfactory if the claimant would be produced for purposes of taking his deposition five days prior to the final hearing.
Summarized, the claimant contends that the hearing of either March 30, 1961, or the hearing of April 11, 1961, was the “first hearing” as contemplated by § 440.19 (2), Florida Statutes, F.S.A., and, therefore, the respondents have waived the defense of the statute of limitations. The deputy commissioner found that the respondents had reasonable notice of both said hearings and for this reason he held the respondents waived their defense of the statute of limitations.
The full commission on review reversed. It was the opinion of the full commission that the hearing of May 9, 1961, was the “first hearing of the claim in which all of the parties in interest were given reasonable notice.” The full commission relied confidently on § 440.25(3) (a), which provides in part,
“If a hearing on such a claim is ordered, the commission shall give the claimant and other interested parties at least ten days’ notice of such hearing served personally upon the claimant and other interested parties by registered mail.”
The full commission reasoned:
“We agree with the employer and carrier’s contention that the notices of hearings held on March 30, 1961, and April 11, 1961, did not comply with the pertinent statutory provision with respect to the hearing on the claim, and were not hearings within the meaning of the statute, as it is stated in Section 440.25(3) (a) that if a healing on thé claim is ordered, the Commission shall give the parties at least ten days’ notice. The Commission gave no notice to anyone of the hearings held on March 30, 1961, and April 11, 1961. The only notices given with respect to said hearings were claimant’s attorney’s *227 notice to the carrier’s attorney three days prior to the March 30, 1961, hearing, and the five days’ notice by mail given by claimant’s attorney to carrier’s attorney of the April 11, 1961, hearing. The employer and carrier’s attorney did not attend either of said hearings and, in our opinion, therefore, it cannot be considered that the employer and carrier waived a proper statutory notice of hearing given by the Commission. The fact that the carrier’s attorney later admitted receiving the two notices of hearing cannot be construed as a waiver of proper notice.”
The issue raised is not novel. The statutes of numerous states contain similar waiver provisions. Mr. Larson has this to say on the point:
“A valid waiver may also take procedural form, the commonest example being the holding that the right to rely on lateness of notice or claim may be lost by failure to raise it promptly. Here again the waiver is more than merely technical; it serves important procedural end of insuring that such defenses will not be raised for the first time in the appellate stages of the controversy.” Larson on Workmen’s Compensation, Sec. 78.70.
The cases on the point hold:
In Ashburn v. Food Fair Stores, 1 F.C.R. 186, certiorari denied without opinion at 85 So.2d 760, the full commission was concerned with whether a so-called prehearing conference qualified as the “first hearing.” The prehearing conference was held pursuant to the usual formal notice of hearing. It was addressed by the deputy commissioner to the parties and their attorneys. The notice was by registered mail and the parties had in excess of the ten days’ notice required by § 440.23(3), Florida Statutes, F.S.A. The full commission held that § 440.19(2), Florida Statutes, requires the carrier to state its position with regard to limitations “at the first official gathering of the parties before the deputy” and that the prehearing conference was such a “first hearing.”
In Nixon v. Ruffe Jal-O-See, Inc., 2 F.C.R. 80, the full commission held that a hearing at the home of a disabled claimant for the purposes of taking claimant’s testimony was the “first hearing” as contemplated by the act. The hearing in question was scheduled by agreement of the deputy and both parties after “reasonable notice to all parties in interest.” All parties had opportunity to be heard and the proceeding was recorded.
The full commission in the Ashburn and Nixon cases relied confidently on the case of Grain Handling Co. v. McManigal, D.C., 30 F.Supp. 974, which interpreted a similar provision of the Federal Longshoremen’s Act. The court in the Grain Handling case announced the following rule:
“It seems to the court that the intent of the statute was to require the defense to be raised promptly and that in using the words ‘at the first hearing’ it meant that the defense should be claimed ‘at the first opportunity upon going before the Deputy Commissioner.’ The courts of New York State seem to have adopted such an interpretation.”
In a later case pursuant to the Longshoremen’s and Harbor Workers’ Compensation Act, 33 U.S.C.A. §§ 901, 913, the court was concerned with determining whether a pre-hearing conference was a hearing within the meaning of “at the first hearing.” The court in holding that prehearing conference was not the “first hearing” said:
“ ‘ Hearing ’ is a term of art in administrative proceedings, and if it is to have any significance it must be in connection with a determination of issues. Hearings provide the basis for determinations, and an opportunity to be heard is an opportunity to influence decision. Where no decision is to be forthcoming, the point of a hearing is *228 absent, and it is pointless, therefore, to describe as a hearing a procedure which can in no way conclude the parties.” Feeney v. Willard (U.S.D.C.S.D.N.Y.1955) 129 F.Supp. 414, 417.
For definitions of the term “hearing” in a similar fashion see Ballentine’s Law Dictionary, 2d ed. p. 580, and Webster’s Third New International Dictionary, p. 1040.
From the cases set forth above, it is clear that various criteria have been used to determine the meaning of the phrase “at the first hearing” as it is used in § 440.19 (2), Florida Statutes, F.S.A. In order that future confusion and uncertainty may be avoided, we feel constrained to define the phrase “at the first hearing” to refer to the first hearing before the deputy commissioner called pursuant to notice by the commission giving the claimant and other interested parties at least ten days’ notice of such hearing served personally upon the claimant and other interested parties by registered mail. Such an interpretation gives full effect to definitions of the word “hearing” set forth in this opinion as well as the language contained in the various sections of Chapter 440, Florida Statutes, F.S.A.
Applying this rule to the instant facts, it follows that the first hearing held pursuant to proper notice was that of May 9, 1961, at which the respondents raised their defense of statute of limitations as required by § 440.19(1) and (2), Florida Statutes, F.S.A.
For the reasons above stated, the conclusion of the full commission, based upon an undisputed factual situation, reversing the deputy commissioner is approved so the petition for writ of certiorari filed herein is denied.
It is so ordered.
TERRELL, THOMAS, DREW and SEBRING (Ret.), JJ., concur.
HOBSON (Ret), J., dissents.