514 P.2d 1045

**Robert PRIEDIGKEIT, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Components, Inc., Respondent Employer,**

**American Motorists Insurance Company, Respondent Carrier.**

**No. I CA–IC 807.**

Court of Appeals of Arizona,
Division 1,
Department B.

Oct. 16, 1973.

Rehearing Denied Nov. 21, 1973.

Review Denied Dec. 18, 1973.

Langerman, Begam & Lewis, P.A., by Noel Fidel, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, for respondent The Industrial Comm. of Ariz.

Jennings, Strouss & Salmon by M. Byron Lewis, Phoenix, for respondent employer and respondent carrier.

## OPINION

HAIRE, Judge.

On this review of an award entered by the respondent Commission denying workmen's compensation benefits to the petitioner, questions are raised concerning (1) the sufficiency of the evidence to support the Commission's finding that petitioner's claim was not timely filed within "one year after the injury occurred or the right

thereto accrued" as required by A.R.S. § 23–1061, and (2) whether in any event, the respondent carrier waived the right to assert the one year limitations defense. We have concluded that we need not consider the sufficiency question, because, in our opinion, the petitioner is correct in his contention that the respondent carrier has waived its right to assert the limitations defense by failing to timely raise the issue. The facts which lead us to this conclusion are as follows.

The petitioner had been employed by the respondent employer for a number of years and was required to work with a variety of chemicals. In the early part of January 1970 he became disabled as the result of a febrile illness. Subsequent medical examination resulted in medical opinion that petitioner was suffering from myelofibrosis, which petitioner contends was caused by his employment related exposure to volatile hydrocarbons.[1] Notwithstanding the fact that he became ill on January 14, 1970, petitioner did not file a claim for compensation benefits until June 15, 1971, some 17 months later. In his claim petitioner invoked the gradual injury concept, stating that his injury occurred over a period extending from November 1, 1965 to January 14, 1970. The claim further stated that he became aware of the relationship of the illness to his employment activities on June 4, 1971, some 11 days prior to the filing of his claim.

On October 12, 1971, the carrier filed its Notice of Claim Status stating three grounds for denying petitioner's claim.[2] In its brief filed on this appeal, the carrier admits that its Notice of Claim Status denying petitioner's claim did not raise the issue that the claim was not timely filed.

1. We express no opinion as to the sufficiency of the evidence to show a causal relationship. Because of the hearing officer's determination that the claim was untimely filed, he considered this issue moot.

2. These three grounds were stated as follows:
    "(1) There is no evidence to indicate that there was an accident occurring in the course and scope of employment.

"(2) There is no evidence to indicate a causal connection between the disease from which the claimant suffers and his employment.
    "(3) The claim should probably be treated, if compensable at all, as an occupational disease disability claim."

After the issuance of the carrier's Notice of Claim Status, the petitioner timely requested a hearing. The first hearing was commenced on November 8, 1971. At this hearing considerable testimony was elicited relating to the nature of petitioner's employment, his illness and the possible causal relationship of his illness to the employment. At the conclusion of the proceedings, the hearing was "continued to a date uncertain" for the purpose of receiving further medical testimony. The carrier does not contend that the issue of the untimely filing of the claim was raised at the November 8, 1971 proceedings. Thereafter, on January 31, 1972, a further hearing was held. Petitioner presented testimony from a toxicologist relating to the cause of myelofibrosis and the possible relationship of petitioner's illness to inhalation by petitioner of vapors from chemicals involved in his employment. No other testimony was received. Again, at the January 31, 1972 proceedings, the carrier did not raise the statute of limitation issue. At the conclusion of that hearing, the hearing officer stated:

" . . . this hearing is closed with the prior understanding so stated about the memorandum."

This "prior understanding" was that the matter would be deemed submitted for final determination after the expiration of a time fixed for the submission of memoranda by the parties. The carrier submitted the first memorandum, and for the first time raised the statute of limitation issue. Thereafter the hearing officer filed his decision, finding that petitioner's condition became manifest within the meaning of the workmen's compensation act in early 1970 (January–February), and that therefore petitioner's application for benefits filed June 15, 1971 was not timely.[3]

A.R.S. § 23–1061 (as amended, Laws 1968, 4th S.S., ch. 6, § 49) reads in pertinent part as follows:

"A. Notwithstanding the provisions of § 23–908, no application for compensation shall be valid or claim thereunder enforceable unless notice of an accident resulting in an injury shall be given by the employee, or if resulting in death by the parties entitled to compensation, or someone on their behalf, to the commission in writing within one year after the injury occurred or the right thereto accrued. The commission upon receiving the notice shall give notice to the employer of the injury.

"B. Failure of an employee to file a claim with the commission within one year or to comply with the provisions of § 23–908 shall not bar a claim if the insurance carrier or employer has commenced payments under the provisions of § 23–1044 or § 23–1045.

\*　　\*　　\*　　\*　　\*　　\*

"D. The issue of failure to give notice *must be raised at the first hearing on a claim* for compensation in respect to the injury or death. (Emphasis added).

The above statutory provisions were applicable at the time of the filing of petitioner's claim.

Prior to the 1968 amendment of § 23–1061, there were no *statutory* exceptions to the one year filing requirement.[4] *Case* law had developed two exceptions, neither of which is applicable here,[5] but in general

---

3. With regard to when an injury becomes manifest, *see* Hughes v. Industrial Commission, 81 Ariz. 264, 304 P.2d 1066 (1956); Mofford v. Industrial Commission, 8 Ariz. App. 87, 443 P.2d 449 (1968).

4. Prior to the amendment, the applicable provision, A.R.S. § 23–1061, subsec. D, read as follows:
"D. No application for compensation shall be valid or claim thereunder enforceable unless filed within one year after the day upon

which the injury occurred or the right thereto accrued."

5. *See* Collins v. Industrial Commission, 102 Ariz. 509, 433 P.2d 801 (1967), wherein the Arizona Supreme Court stated:
"This state has recognized two exceptions to the one-year limitation: (1) where the injury was not noticeable or was so trivial it did not appear compensable at the time of the accident; (2) where the disability occurs during infancy. Hughes v. Indus-

the Arizona decisions had developed a very restrictive interpretation of the one year limitation provision, typified by the Arizona Supreme Court's decision in Collins v. Industrial Commission, 102 Ariz. 509, 433 P.2d 801 (1967). The Collins decision held that even though the claimant had been paid benefits over an extended period, his failure to timely file a claim could be raised at a later reopening proceeding. The court stated:

"When the injured party has made no attempt to give the Commission jurisdiction within the period of limitations by making a timely application, the Commission cannot confer jurisdiction upon itself or by its actions be estopped from later claiming a lack of jurisdiction in contravention of the legislative mandate. . . . *The requirement of filing a timely claim goes directly to the right of action itself, and not to the remedy.* For this reason we have held in the past that an employer could not be estopped because of its conduct from pleading a defense of failure to file. In the *Holland* case we stated in the last sentence of the opinion that 'When a matter is jurisdictional, estoppel may never be invoked to remove the bar and confer jurisdiction.' " (Emphasis added). 102 Ariz. at 511, 433 P.2d at 803.

Following the Collins decision, the 1968 statutory amendments were enacted, providing that, notwithstanding the failure to timely file a claim, the one year limitation provision would not be applicable if the payment of certain compensation benefits had been commenced. The amendment also for the first time required that the issue of failure to give notice of the claim must be raised "at the first hearing" on a claim for compensation.

In view of these statutory amendments, we think it apparent that the one year filing requirement can no longer be considered as jurisdictional in nature. Rather, it must now be considered as being in the nature of an affirmative defense, which must be asserted by the party relying thereon, and which may be waived unless *timely* asserted.[6] We realize that A. R.S. § 23–1061, subsec. D (as amended, Laws 1968) does not expressly state that the limitations defense is lost if not asserted at the first hearing. However, the language is mandatory in form and in our opinion clearly manifests a legislative intention to prohibit a later raising of the issue. If it *must* be raised at the first hearing, it necessarily follows that the legislature did not contemplate that it could be raised thereafter. We therefore hold that if a carrier fails to raise the issue at the first hearing, the issue is waived and cannot thereafter be asserted. This construction does not in any way constitute a radical departure from general principles governing workmen's compensation law. In other jurisdictions it is commonly held, even in the absence of specific statutory provisions, that the right to rely on the late filing of a claim may be lost by failure to raise the issue promptly. *See* 3 A. Larson, Workmen's Compensation Law, § 78.-70 Note 30, p. 145, listing some twelve jurisdictions in accord with this principle.

In the appeal under consideration the respondent carrier contends that in any event the filing of its post-hearing memorandum raising the issue constitutes a part of "the first hearing" of petitioner's claim, and that therefore the issue was in fact timely raised. We disagree. The meaning of the phrase "at the first hearing" must be determined from the context in which it

trial Commission, supra; McCormick v. Industrial Commission, 96 Ariz. 88, 90, 392 P.2d 299, 301 (1964); Holland v. Industrial Commission, 78 Ariz. 16, 18, 274 P.2d 836, 837 (1954)." 102 Ariz. at 511, 433 P.2d at 803.

6. The analogy to an affirmative defense is not completely appropos. In our opinion once the

issue of failure to comply with the one year filing requirement is properly raised, the claimant, in accordance with his burden of establishing all elements of his claim (*see* In re Estate of Bedwell, 104 Ariz. 443, 454 P.2d 985 (1969)) would have the burden of establishing that he in fact filed his claim within the one year period.

is used and the presumed intention of the legislature in drafting the statute. The statute requires that the "issue" of failure to give notice be raised at the first hearing. There are two types of issues—issues of law and issues of fact. Were the issue here involved strictly an issue of law not dependent upon the facts peculiar to each particular claim, the respondent carrier's contention might have some merit. However, such is not the case. In an injury of the nature asserted by petitioner there are difficult factual determinations which must be made before the hearing officer can determine the point in time at which the petitioner's injury became "manifest"; and therefore apply the law to determine whether the claim was timely filed. If the issue of failure to give timely notice is not raised until after the evidentiary hearing has been closed, then obviously the claimant will not have had any reason to present and develop evidence relating to this issue, and consequently any decision thereafter rendered by the hearing officer will be based upon a potentially incomplete development of the facts. The validity of this observation is clearly demonstrated by an examination of the record in this particular proceeding. While there was some testimony at the hearing concerning when and how petitioner became aware of the possible relationship of his injury to his employment conditions, it is clear that this testimony was only incidental to the causation question, and was not elicited as bearing upon the question of a timely filing. Consequently, counsel did not "zero in" on the timely filing issue as obviously would have been done had this been considered an issue in the case. The result is that the testimony is vague as to the precise time and as to precisely what was said and done in regard to matters pertinent to the timely filing question.

Other jurisdictions having similar limitation provisions in their workmen's compensation acts have considered the meaning of the phrase "at the first hearing". In Grain Handling Co. v. McManigal, 30 F. Supp. 974 (W.D.N.Y.1940), while constru-

ing the Longshoremen's and Harborworkers' Compensation Act, 33 U.S.C.A., § 901 et seq., the court stated:

"Plaintiffs contend further that by 'first hearing' the legislation intended to include not only the initial hearing, but also, if any adjournments were taken, the adjourned hearings. Under this contention all continuations up to the time an award is made or rejected would constitute the first hearing. It seems to the court that the intent of the statute was to require the defense to be raised promptly and that in using the words 'at the first hearing' it meant that the defense should be claimed 'at the first opportunity upon going before the Deputy Commissioner.' The courts of New York State seem to have adopted such an interpretation. [Citations omitted]." 30 F.Supp. at 976

In Feeney v. Willard, 129 F.Supp. 414 (S.D.N.Y.1955) construing the same statutory provision, the court held that failure to raise the issue at a pre-hearing conference at which no evidence was taken did not constitute a waiver and that the issue was timely urged when raised at the first evidentiary hearing. *See also* Carberry v. Brooklyn-Manhattan Transit Corp., 249 App.Div. 899, 292 N.Y.S. 749 (1937), and many subsequent decisions construing § 28 of the workmen's compensation laws of the state of New York, involving the timely filing question here presented; Perry v. W. R. Robbins § Son Roofing Co., 145 So. 2d 225 (Fla.1962), construing the applicable Florida statute.

■ Although the holding in Grain Handling Co. v. McManigal, *supra,* would be authority for holding that the carrier here waived the limitations defense because of its failure to raise the issue prior to the continued hearing, we are not prepared to go so far as to hold that the issue may not be raised during the evidentiary phase of a continued first hearing. Because of the informal nature of workmen's compensation proceedings, the lack of formal pleadings, and the relative lack of use

of discovery devices, we can conceive of instances where it might become appropriate to allow the issue to be raised at a continued first hearing. However, we do hold that the issue is not timely raised when, as here, it is not urged until after the opportunity for the presentation of evidence at the first hearing has been terminated.[7]

Having failed to timely assert the issue, the carrier has waived the one year filing requirement of A.R.S. § 23–1061, subsec. A, and the award denying petitioner's claim on that basis must be set aside.

The award is set aside.

JACOBSON, C. J., Division 1, and EUBANK, P. J., concur.

---

7. We note that the statute does not purport to require that the issue be raised in the carrier's Notice of Claim Status denying the claim, although in our opinion this would normally be the appropriate method of raising the issue.