388 So.2d 344 (1980)
Oheneyo REYES, Appellant,
v.
John Allan JOHNSTONE, Appellee.
No. QQ-373.
District Court of Appeal of Florida, First District.
September 30, 1980.
Israel Abrams, P.A., North Miami Beach, for appellant.
No appearance for appellee.
PER CURIAM.
Reyes appeals, urging that the Judge of Industrial Claims erred in finding that he *345 received proper notice of the hearing on Johnstone's claim. We agree and reverse.
In order to satisfy the requirements of Chapter 440 Florida Statutes and of due process, the record must affirmatively demonstrate that notice of a hearing was given to the employer. Luzak Food Corp. v. Dovel, IRC Order 2-3035 (1976). Section 440.25(3)(a) Florida Statutes (1977) requires that the Judge of Industrial Claims give this notice. Here, the official notice sent to the employer by certified mail was returned unclaimed and no other notice was sent by the Judge of Industrial Claims. The only record indication that Reyes received any notice at all is the statement by claimant's attorney that notice of the hearing was included with other documents sent to Reyes.
We are aware that personal notice is no longer required, compare sections 440.25(3)(a) Florida Statutes (1974) and 440.25(3)(a) Florida Statutes (1977), and under certain circumstances actual notice may be sufficient. Burdine's v. Wilson, 9 FCR 212 (1974), cert. denied 313 So.2d 38 (Fla. 1975). However, notice sent by claimant's attorney is not sufficient to satisfy the requirements of the statute. Donald M. Patterson, Inc. v. Carnegie, 9 FCR 368 (1976).
In view of this decision, it is not necessary to determine appellant's Point II.
Reversed and remanded for a hearing de novo.
MILLS, C.J. and McCORD and THOMPSON, JJ., concur.