394 So.2d 517 (1981)
Ed BARBOUR, Jr., and/or Prospectus Construction Co., and/or S & R Transportation Co., Appellants,
v.
George WATERMAN, Appellee.
No. VV-24.
District Court of Appeal of Florida, First District.
February 23, 1981.
*518 Robert E. Sheridan, of Jesse F. Sparks, P.A., Orlando, for appellants.
Edward H. Hurt, of Hurt & Parrish, P.A., Orlando, and Bill McCabe, of Shepherd, McCabe & Cooley, Orlando, for appellee.
OWEN, WILLIAM C., Jr. (Retired), Associate Judge.
Appellee, George Waterman, through his attorneys, filed a claim for compensation naming as employer (1) Ed Barber, Jr., and/or (2) Prospectus Construction Co., and/or (3) S & R Transportation Co., giving an address of Post Office Box 926, Apopka, Florida, 32703. In due course, the judge of industrial claims mailed to the named employers at the above post office address a notice of hearing for October 15, 1979, at which time a hearing was held with only claimant and his attorney present. Subsequently, each of the named employers received a copy of a proposed compensation order together with notice of hearing on claimant's request for attorney fees and costs, prompting each of the employers to file a motion to abate entry of the proposed order on the grounds of lack of notice of the hearing of October 15, 1979. Thereafter the deputy commissioner held a hearing on the motions to abate, took testimony on the issue of notice, and in due course entered the order which is now appealed, finding that all parties had specific notice of the hearing on October 15, 1979, and that Ed Barbour, Jr., and S & R Transportation Co. were joint employers and were jointly and severally responsible for benefits due, which benefits were set forth in the order.
Ed Barbour, Jr.,[1] and Prospectus Construction Co. filed notice of appeal and S & R Transportation Co. filed a separate notice of appeal, the latter appeal not being involved here. Our review of the record satisfies us that there is no competent, substantial evidence to sustain the deputy commissioner's finding that Ed Barbour, Jr., and/or Prospectus Construction Co. had proper notice of the hearing on Waterman's claim. To satisfy the requirements of Chapter 440, Florida Statutes, and of basic due process, the record must affirmatively demonstrate that notice of hearing was given to the employer. Reyes v. Johnstone, 388 So.2d 344 (Fla. 1st DCA 1980).
The compensation order dated March 19, 1980, is reversed as to Ed Barbour, Jr., and Prospectus Construction Co., and remanded for a hearing de novo after due notice to all parties.
REVERSED AND REMANDED.
MILLS, C.J., and WENTWORTH, J., concur.
NOTES
[1] Although the claim and subsequent notices spelled the name Barber, at hearing on the motion to abate the record was corrected to reflect the correct spelling of Barbour. The misspelling of the name is not the basis of our determination that Barbour did not receive notice of the hearing.