504 So.2d 1262 (1986)
CITY OF HOLLYWOOD, and Continental Insurance Company, Appellants,
v.
Eugene PISSERI, Jr., and Hartford Insurance Company, Appellees.
No. BI-428.
District Court of Appeal of Florida, First District.
November 13, 1986.
*1263 Charles A. Williams and Debra Levy Neimark of Williams and Williams, Lake Worth, for appellants.
Mark L. Zientz of Williams & Zientz, Coral Gables, for appellee Hartford Ins. Co.
Richard A. Sicking of Kaplan, Sicking & Bloom, Miami, for appellee Pisseri.
MILLS, Judge.
The City of Hollywood and Continental Insurance Company appeal from a workers' compensation order granting compensation and medical benefits to Pisseri. They present the following issues for our consideration: (1) whether the deputy commissioner (deputy) erred in denying Continental's motion for a rehearing which asserted Continental did not receive notice of the merits hearing; (2) whether the deputy erred in ordering Continental to pay benefits to Pisseri for a 1973 accident when no claim was filed by Pisseri for a 1973 accident; and (3) whether the deputy erred in finding that Continental was the carrier on the risk in 1973. We affirm the order in all respects.
Pisseri is a City of Hollywood police officer who injured his back in the line of duty on 15 February 1973. The injury was accepted as compensable by the City and its insurance carrier at the time, Continental Insurance Company. Between 1973 and 1981 Pisseri experienced multiple exacerbations of his back injury and was placed on permanent light duty by the City in 1976.
On 7 August 1981, Pisseri was working at his desk when he arose from his chair in the normal manner and experienced a severe stabbing sensation in his back. This incident caused him to require emergency room treatment and placed him out of work for the remainder of the month.
On 5 August 1983, Pisseri filed a claim for benefits for the 1981 incident against the City and its current carrier, the Hartford Insurance Company. Hartford denied the claim, alleging that Pisseri's injury was the result of his earlier accident. Further, pursuant to Section 440.42(3), Florida Statutes, Hartford filed a claim for reimbursement against Continental for any benefits it had or would have to pay to Pisseri.
A hearing on the merits was set for 20 March 1985. Prior to this, however, the deputy issued a subpoena duces tecum on *1264 13 March, per Hartford's request, to Bill Davis, the supervising adjustor of UAC, Continental's servicing agent. The subpoena requested all records reflecting benefits paid to Pisseri for accidents and injuries occurring before the 7 August 1981 incident. On 15 March, Charles Williams, counsel for Continental and UAC, filed a motion to quash the subpoena. In so acting, Williams purported to be working in the capacity of a private attorney for Bill Davis.
A telephone hearing was held on the motion to quash on 19 March. The following day the merits hearing was held; however, Continental did not appear. The deputy noted for the record that based on his conversation with attorney Williams, he knew that Williams had notice of the merits hearing.
On 1 May 1985, an order was entered finding that the 1981 occurrence was not a new accident; that the medical expenses and twenty days of disability in 1981 were related to Pisseri's 1973 accident; and that Continental had notice of the hearing but had failed to attend and was the party responsible for payment of benefits and costs to Pisseri.
Following this Continental sought rehearing, claiming that it had not received notice of the 20 March hearing. They further argued that Niagara Insurance Company and not Continental had been on the risk in 1973. No response was made to Hartford's assertion that Niagara is one of the groups within the Continental Company. The deputy denied Continental's motion. However, he did respond by vacating the May order and entering a fresh one on 10 September 1985. This timely appeal then ensued.
As to the first issue presented, we find there is competent substantial evidence in the instant record to sustain the deputy's finding that Continental received proper notice. First, the general rule is that in order to satisfy the requirements of Chapter 440, Florida Statutes, and due process, the record must affirmatively demonstrate that notice of a hearing was given to the employer. Barbour v. Waterman, 394 So.2d 517 (Fla. 1st DCA 1981). Here, it is undisputed that the City of Hollywood received notice. Second, Continental presented no evidence to contradict the presumption that the properly mailed notice was received by them. Brown v. Griffen Industries, Inc., 281 So.2d 897 (Fla. 1973). And finally, the lawyer for Continental and the supervising adjustor for their servicing company, UAC, received actual notice of the hearing, which can be deemed sufficient without more. Reyes v. Johnstone, 388 So.2d 344 (Fla. 1st DCA 1980).
Continental's second argument that Pisseri was required to file a claim against them before they could be made to pay benefits is without merit according to Section 440.19, Florida Statutes. An injured worker has no responsibility to file a claim against each insurer associated with an employer, rather the worker is only required to file one claim with the division at its Tallahassee office.
Likewise, Continental's contention that the claim filed by Pisseri is not effective against them because it does not mention a 1973 accident is without merit. Pisseri noticed the date of his injury in his claim as mandated by Section 440.19(1)(d). Continental was adequately apprised that the issue of carrier responsibility was to be determined, by the deputy, through the notice of hearing. See, Allman v. Meredith Corp., 451 So.2d 957 (Fla. 1st DCA 1984). Therefore, the deputy had jurisdiction to adjudicate whether Hartford or Continental was to be responsible for payment of Pisseri's claim pursuant to Section 440.42(3).
The final point on appeal presents a more difficult question. Continental asserts that the deputy, in finding it to be the carrier on Pisseri's 1973 accident, improperly modified two earlier orders which found that Niagara Fire Insurance was the carrier for the City in 1973. This argument is compelling considering the two prior orders which appear in the record. However, in light of Continental's failure to correct the alleged misconception that it was the City's carrier in 1973 for the eight months it had notice of Hartford's claim for reimbursement *1265 prior to the hearing, we find Continental is estopped from averring so at this time. Especially taking into consideration that the attorney for Continental during his argument on rehearing did not produce any evidence to dispute the truth of the assertion that Niagara is part of the Continental Insurance group. See, Painter v. Board of Public Instruction of Dade County, 223 So.2d 33 (Fla. 1969) (In workers' compensation cases the rule relating to estoppel should be applied where an obvious wrong would otherwise result, even if estoppel is not pled according to the requirements of law applicable to civil cases.)
AFFIRMED.
BOOTH, C.J., concurs.
WENTWORTH, J., agrees to conclusion.