PER CURIAM.
This cause is before us on appeal from a final order of the judge of compensation claims (JCC). The issues are (1) whether the JCC erred in dismissing the employer Spirco Environmental, Inc. (Spirco) for lack of proper service, and (2) whether competent, substantial evidence supports the JCC’s finding that Crum and Forster Commercial Insurance Company (Crum & Forster) does not provide coverage to Spirco. As to both issues, we reverse.
*839 Claimant/appellant Cecil R. Cabell alleges that he was hired in Florida by employer/appellee Spirco to work in Texas. On February 21, 1989, while working in Texas, claimant fell and broke his hip. Spireo’s carrier, Crum & Forster, began paying workers’ compensation benefits under Texas law; however, on May 5, 1989, claimant filed a claim for benefits in Florida.[1] The claim acknowledgment indicates that the Division of Workers’ Compensation sent a copy of the claim to Spirco on May 9, 1989. On July 28, 1989, a notice of appearance was filed on behalf of both Spirco and Crum & Forster.
In the pretrial stipulation, filed November 17, 1989, Spirco and Crum & Forster asserted defenses including: (1) that Crum & Forster provides coverage for Spirco for injuries compensable under Texas law; (2) that Liberty Mutual Insurance Company and/or Nationwide Insurance Company provide Spirco with coverage for accidents compensable under Florida law; (3) the accident is compensable under Texas law rather than Florida law; and (4) if the accident is compensable under Florida law, then Spirco is entitled to credit for benefits which it has previously provided under Texas law.
Subsequently, Spirco and Crum & Forster filed a motion to join Liberty Mutual and Nationwide, and this motion was set for hearing for January 26, 1990. Claimant, whose counsel regularly represented Nationwide, filed a motion to dismiss Nationwide, and this motion was set for hearing January 16, 1989. At the January 16, 1990 hearing, the JCC observed that a conflict of interest prevented the same counsel from representing claimant and Nationwide. The JCC also determined that Spirco and Crum & Forster could not be represented by the same counsel, because Crum & Forster denied coverage in the pretrial stipulation.
In response, counsel for Spirco and Crum & Forster indicated that, henceforth, counsel was only representing Crum & Forster. Counsel also stated that the motion to join Nationwide and Liberty Mutual was unsubstantiated. Counsel suggested obtaining production of records from the Secretary of State to determine whether Spirco does business in the State of Florida and obtaining production of records from the Division of Workers’ Compensation to determine whether Spirco carries workers’ compensation insurance in Florida. The JCC agreed and rescheduled the matter for January 26, 1990.
At this next hearing, Crum & Forster filed a certificate reflecting that the Division of Workers’ Compensation had no record indicating that Spirco carried workers’ compensation insurance in Florida. Crum & Forster then moved ore tenus to be dismissed as a party from the case. Claimant, through successor counsel, argued that at this point, Crum & Forster should be estopped from denying coverage. The JCC entered his order finding that Crum & Forster did not provide Spirco with workers’ compensation insurance in the State of Florida and therefore dismissed Crum & Forster as a party. The JCC also found that claimant had failed to serve Spirco and, accordingly, vacated claimant’s application for a hearing on the merits of his claim. From this order, claimant appeals.
The first issue, then, is whether claimant properly served Spirco. Under the Florida Workers’ Compensation Act, a claimant is required to file his claim with the Division of Workers’ Compensation. The Division, in turn, notifies the employer by regular mail.[2] The requirements of the *840 Workers’ Compensation Act and due process of law are met if the record affirmatively demonstrates that the employer received notice of the claim. Barbour v. Waterman, 394 So.2d 517, 518 (Fla. 1st DCA 1981); Reyes v. Johnstone, 388 So.2d 344, 345 (Fla. 1st DCA 1980). The instant record is clear that the Division mailed a copy of the claim to Spirco. Thereafter, a notice of appearance was filed by counsel representing Spirco and Crum & Forster. The record affirmatively demonstrates that both Spirco and Crum & Forster received the notice required by the statutes and the rule. Therefore, the JCC erred in vacating the application for hearing pending claimant’s giving proper notice to Spirco.[3]
The JCC dismissed Crum & Forster from the case based upon the absence of any record with the Division of Workers’ Compensation that Crum & Forster insured Spirco in Florida. This was error. Crum & Forster had provided workers’ compensation coverage to Spirco in Texas under a written policy. The written policy was the best evidence of the scope of Spirco’s coverage.
The order under review is therefore reversed, and this cause is remanded for proceedings consistent herewith.
SHIVERS, C.J., and BOOTH and ALLEN, JJ., concur.

. See § 440.09(1), Fla.Stat. (1987), which provides that “[w]here an accident happens while the employee is employed elsewhere than in this state ... the employee ... shall be entitled to compensation if the contract of employment was made in this state.”

. Section 440.19, Florida Statutes (1987), “Time and procedure for filing claims,” provides in pertinent part:
(1)(d) Such claim shall be filed with the division at its Tallahassee office and shall contain the names and addresses of the employer and employee,....
Section 440.25, Florida Statutes (1987), “Procedure in respect to claims and hearing requests,” provides in pertinent part:
(2) Within 10 days after such a claim is filed, the division, ... shall notify the employ-
*840 er and any other person other than the claimant whom the division considers an interested party that a claim has been filed. Such notice may be served personally upon the employer or other person or may be sent to such employer or person by mail.
Florida Workers’ Compensation Rule of Procedure 4.050, entitled "CLAIMS,” provides that ”[c]Iaims and notices to controvert shall be filed with the Division at its office in the City of Tallahassee."

. The JCC correctly recognized that Crum & Forster’s denial of coverage prevented the same counsel from representing both Spirco and Crum & Forster. However, the JCC should have required counsel to withdraw from representing Spirco in accordance with Florida Workers' Compensation Rule of Procedure 4.060, thereby giving Spirco the opportunity to obtain counsel.