PER CURIAM.
Parkway General Hospital and Alexsis Risk Management, the employer and carrier (E/C), appeal from an order of the judge of compensation claims (JCC) which awards medical benefits to Thomasina Ogletree (claimant). We affirm.
The claimant suffered a compensable back injury on April 22, 1979, while lifting a patient. The last payment of compensation was on January 28, 1987. In a claim dated December 11,1990, the claimant sought additional medical treatment, additional temporary total or temporary partial disability benefits, and attorney’s fees and costs. The E/C filed a motion to dismiss on April 4, 1991, asserting the claim for benefits failed to comply with section 440.19(l)(e), Florida Statutes, which requires a claim to be filed with specificity. The claimant filed an amended claim on April 9, 1991, seeking only additional medical treatment.
• At a hearing held on May 17,1991, counsel for the E/C stated that he had no objection to the amended claim, which conformed with the statute, but that he would like the JCC to dismiss the claim which was filed earlier. The JCC denied the motion to dismiss based on a finding that section 440.19(l)(e) is not to be applied retroactively.
In the pretrial stipulation dated July 26, 1991, the E/C asserted that the statute of limitations had run. After hearing, the JCC found that more than two years had lapsed *990 without the claimant seeing an authorized physician between the last payment of compensation and the filing of the claim for benefits. The JCC also found, however, that during this period the claimant wore a back brace and the employer had knowledge of the claimant’s obligation to wear the brace on a continuing basis. The JCC concluded that use of the back brace tolled the statute of limitations and the claimant was therefore entitled to future medical treatment. The JCC also concluded that the E/C waived the statute of limitations defense by failing to raise it at the May 17,1990 hearing based on section 440.19(2), Florida Statutes (1977).
The E/C correctly contend on appeal that there is no competent, substantial evidence to support the finding that either the employer or the carrier had knowledge of the claimant’s use of a back brace. Dr. Linson prescribed a brace on August 29, 1980. In a note dated January 16, 1981, Dr. Linson stated he had nothing further to add to the claimant’s care, except the maintenance of her exercise program, avoidance of certain activities “and continued use of her back brace.” The claimant then saw Dr. Wender 16 times between January 27, 1982 and July 27, 1983. The claimant also saw Dr. Koonin on June 3, 1986. There is no mention in the reports which were sent to the carrier or employer during this time that the claimant should continue to use the brace or that the claimant was in fact using the brace. The claimant testified that she saw the employer’s nurse after being prescribed a back brace, but she was not wearing the brace at the time. The brace was prescribed after she ceased working for the employer.
The E/C also argue that the JCC erred in finding that the statute of limitations defense was waived by the failure to raise that defense at a hearing on the motion to dismiss for lack of specificity. We disagree. Section 440.19 provides:
(l)(a) The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within 2 years after the time of injury, except that if payment of compensation has been made or remedial treatment has been furnished by the employer without an award on account of such injury a claim may be filed within 2 years after the date of the last payment of compensation or after the date of the last remedial treatment furnished by the employer.
[[Image here]]
(2) Notwithstanding the provisions of subsection (1) failure to file claim within the period prescribed in such subsection shall not be a bar to such right unless objection to such failure is made at the first hearing of such claim in which all parties in interest are given reasonable notice and opportunity to be heard.
Subsection (2) expressly provides “that objection to the timeliness of the claim must be made at the first hearing on the claim in order for the two-year limitation period prescribed in Subsection (1) of this section to bar the claim. It is simply a statute of limitations which may be waived by the employer, as in the case of any other limitations statute.” Townsley v. Miami Roofing and Sheet Metal Company, 79 So.2d 785, 788 (Fla.1955). The phrase “at the first hearing” has previously been defined to refer to “the first hearing before the deputy commissioner called pursuant to notice by the commission giving the claimant and other interested parties at least ten days’ notice of such hearing served personally upon the claimant and other interested parties by registered mail.” Perry v. W.R. Robbins & Son Roofing Co., 145 So.2d 225 (Fla.1962). Because of amendments to section 440.25(3), the phrase “at the first hearing” now refers to the first hearing before the judge of compensation claims called pursuant to notice by the judge of compensation claims giving the claimant and other interested parties at least fifteen days’ notice of such hearing served upon the claimant and other interested parties by mail. The E/C have failed to show that the May 17, 1991 hearing was not the first hearing of the claim in which all parties in interest were given reasonable notice and opportunity to be heard. Accordingly, we affirm the JCC’s finding that the E/C waived the statute of limitations defense.
The final argument raised on appeal is that there is no competent substantial *991 evidence that additional medical treatment was reasonable or necessary, or even causally related to the April 22, 1979 accident. We conclude that the award of medical treatment is supported by competent substantial evidence. The claimant testified that she still experiences pain and discomfort and that she has not had any other accidents subsequent to the 1979 work related accident. Dr. Wen-der testified that the type of injury incurred by the claimant can be subject to remission and exacerbation and may require further treatment on occasion. Dr. Wender also stated that he felt the problems described by the claimant at the June 3, 1986 visit were the result of the April 22,1979 accident. The E/C did not present any contrary evidence.
AFFIRMED.
ZEHMER, C.J., and BARFIELD and MICKLE, JJ., concur.