993 So.2d 570 (2008)
Jose BATISTA, Appellant,
v.
PUBLIX SUPERMARKETS, INC. and Specialty Risk Services, Inc, Appellee.
No. 1D07-3140.
District Court of Appeal of Florida, First District.
October 22, 2008.
*571 William F. Souza of William F. Souza, P.A., North Miami Beach, for Appellant.
Mal Steinberg, of Law Offices of Steinberg & Brown, Fort Lauderdale, for Appellee.
PER CURIAM.
Claimant challenges the Judge of Compensation Claims' (JCC) order on two grounds: (1) whether the JCC erred by determining the Employer/Carrier (E/C) did not waive its statute of limitations defense by failing to assert it at the first hearing on the claim; and (2) whether the JCC lacked jurisdiction to vacate his final compensation order. We reverse as to the first issue and affirm as to the second, for the reasons below.

Background
The parties entered into a settlement agreement for the indemnity portion of Claimant's claim for benefits on July 20, 1990, but the E/C remained liable for future medical care. The E/C's last recorded payment for Claimant's medical expenses was May 5, 1990.
On September 16, 1996, Claimant filed a petition for benefits (PFB) requesting authorization for orthopedic surgery. Claimant then sent a request to produce, and later filed a motion to compel production. Both the request and motion were accompanied by certificates of service which listed the Carrier's adjuster as the receiving party.
Thereafter, a hearing on the motion was set for March 2, 1997, and notice of hearing was sent to the Carrier's adjuster and the Employer on January 18, 1997. The hearing resulted in an order to compel production in which JCC Johnson indicated that neither the Employer nor Carrier attended the hearing, that attempts were made during the hearing to contact the Carrier via telephone without success, and that the notice of hearing had been sent by certified mail. JCC Johnson's order was also accompanied by a certificate of service which listed the Carrier and Employer as receiving parties.
More than 10 years after the original PFB was filed, this matter was heard on February 14, 2007, before JCC Harnage. Although both parties argued at final hearing that record activity occurred in this case at least once a year, no such record evidence was produced. The parties stipulated before the hearing that the issues to be decided were whether the E/C waived any statute of limitations defense by failing to assert it at the hearing on Claimant's motion to compel and, if the defense was not waived, whether the statute of limitations had been tolled.
JCC Harnage orally ruled at the final hearing that the E/C did not waive the statute of limitations defense because the hearing on Claimant's motion to compel had been inadequately noticed, but that the statute of limitations was tolled by the E/C's failure to inform Claimant of the statute of limitations. The E/C filed a motion for reconsideration on February 26, 2007. On March 12, 2007, JCC Harnage entered a Final Order confirming his oral rulings. However, after entering the Final Order, JCC Harnage held a rehearing based on the E/C's motion for reconsideration, which JCC Harnage acknowledged he did not receive until after his Final Order was signed due to errors in his office. *572 JCC Harnage vacated his Final Order on March 20, 2007, and entered a Supplemental Final Order on May 16, 2007.
In the Supplemental Final Order, JCC Harnage found there was inadequate notice of the hearing on the motion to compel because the notice of hearing did not have a certificate of service, Claimant used a different address for the employer than the one used in the 1986 settlement agreement, and Claimant did not provide notice to the E/C's attorney of record listed on the 1986 settlement agreement. JCC Harnage further found the statute of limitations was not tolled because Claimant had actual knowledge of his workers' compensation rights.

Notice
A JCC's finding regarding notice is reviewed for competent, substantial evidence. See City of Hollywood v. Pisseri, 504 So.2d 1262, 1264 (Fla. 1st DCA 1986). The statute of limitations is a substantive right, which is determined by the law in effect the year the claimant was injured. See McLean v. Mundy, 81 So.2d 501, 503 (Fla.1955). See e.g., Solar Pane Insulating Glass, Inc. v. Hanssen, 727 So.2d 961, 963 (Fla. 1st DCA 1998) (applying the 1985 version of the workers' compensation statute of limitations where a claimant was injured in 1985).
Under the statutory provision in effect the year Claimant was injured, a petition for benefits is timely if filed within two years after the date of the last payment of compensation. § 440.19(1)(a), Fla. Stat. (1986). However, the statute of limitations is not jurisdictional and is waived unless asserted "at the first hearing of such claim in which all parties in interest are given reasonable notice and opportunity to be heard." § 440.09(2), Fla. Stat. (1986). See also Escambia County Transit v. Stallworth, 652 So.2d 905, 907 (Fla. 1st DCA 1995).
Consequently, the E/C had the burden of proving the hearing on the motion to compel was not the first hearing at which all parties had reasonable notice and opportunity to be heard. See Parkway Gen. Hosp. v. Ogletree, 629 So.2d 989, 990 (Fla. 1st DCA 1993). However, the E/C's failure to assert the statute of limitations at the first hearing would be excused if it did not receive reasonable notice of the hearing. Pisseri, 504 So.2d at 1264 (holding the general rule is that, to satisfy the requirements of Chapter 440, Florida Statutes, and due process, the record must affirmatively demonstrate notice of the hearing was given to the employer).
Here, the notice of hearing expressly provided that copies were sent to all parties, including the Employer. JCC Johnson also noted in his order that the notice of hearing was sent by certified mail. Under the procedural rules in effect the year the first hearing took place, a certificate of service constituted prima facie proof of service. See Fla. R. Work. Comp. P. 4.030; Pisseri, 504 So.2d at 1264 (finding properly mailed notice creates a presumption it was received). The E/C failed to produce any evidence to rebut the presumption that certificates of service constitute prima facie proof of service. Therefore, JCC Harnage's finding that the hearing was inadequately noticed was not supported by competent, substantial evidence.
Moreover, if JCC's Johnson's order was the product of an inadequately noticed hearing, the E/C's remedy was to move to abate the order, not to wait 10 years and argue before a different JCC that notice was inadequate. Cf. Barbour v. Waterman, 394 So.2d 517, 518 (Fla. 1st DCA 1981) (holding a JCC should have abated his order where the E/C moved to abate based on inadequate notice of hearing).

*573 Jurisdiction

The second issue raised is whether JCC Harnage was correct in determining he had jurisdiction to vacate his final order under section 440.25(5)(a), Florida Statutes (2007), and Rule 60Q-6.122(5) of the Florida Administrative Code. Section 440.25(5)(a), Florida Statutes, provides that a JCC's order becomes final 30 days after mailing of such order to the parties. Rule 60Q-6.122(5) provides that a JCC may, on his or her own initiative, vacate or amend an order which is not yet final to correct clerical or technical errors, or where due consideration of a motion for rehearing cannot be made before the order becomes final. Because JCC Harnage's order was not final under section 440.25(5)(a), Florida Statutes, and because JCCs have inherent authority to modify their non-final orders for technical errors under Rule 60Q-6.122(5), JCC Harnage had jurisdiction to vacate his final order.

Conclusion
Because JCC Harnage's finding that the hearing held by JCC Johnson was inadequately noticed was not supported by competent, substantial evidence, and because JCC Harnage had jurisdiction to vacate the compensation order before it became final, this matter is AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
BROWNING, C.J., and THOMAS, J., concur; BARFIELD, J., concurs in result.