PER CURIAM.
Claimant appeals the Judge of Compensation Claims’ (JCC) dismissal of his petition for benefits based on the Employer/Carrier’s motion for summary final order. For the following reasons, we reverse.
The opposing party is required to file a response to a motion for summary final order within 30 days of service, plus five days for mailing. See Fla. Admin. Code R. 60Q-6.108(6), -6.120(3). Here, the motion for summary final order considered by the JCC included a May 19, 2008, certificate of service date. Evidence in the record indicates that appellant may not have received the motion for summary final order with an appropriate certificate of service. In Claimant’s timely filed motion to vacate the JCC’s order of dismissal, she alleged she did not receive a copy of the motion for summary final order with the May 19, 2008, certificate of service date until June 24, 2008, more than 35 days after May 19, 2008. The JCC failed to address the motion to vacate.
Chapter 440, Florida Statutes, and basic due process considerations require a party be given proper notice. Cf. City of Hollywood v. Pisseri, 504 So.2d 1262, 1264 (Fla. 1st DCA 1986) (holding that affirmative notice of a hearing must be demonstrated). Without proper notice, a party is not afforded due process and a meaningful opportunity to participate. See J.B. v. Fla. Dep’t of Children & Family Servs., 768 So.2d 1060, 1062 (Fla.2000).
Here, if Claimant’s allegation is correct, she was not afforded proper notice of the motion for summary final order and a meaningful opportunity to respond to the motion. The JCC’s order is reversed and remanded with directions to consider Claimant’s motion to vacate on its merits.
REVERSED and REMANDED for proceedings consistent with this opinion.
WOLF, BENTON and BROWNING, JJ., concur.