SHIVERS, Chief Judge.
The claimant in this workers’ compensation case appeals an order entered by the judge of compensation claims (JCC) on the employer/carrier’s (E/C’s) motion for clarification. We quash the order, for the reason set out below.
On May 24, 1990, the JCC issued an order finding the appellant/claimant to have been permanently totally disabled (PTD) since the stipulated date of maximum medical ■ improvement (October 7, 1987), finding there to have been a negligent handling of the claim, and ordering, among other things, that the E/C pay claimant PTD benefits from October 7, 1987 “with credit being taken for any benefits paid in this same category.” It is undisputed that the E/C had been voluntarily paying the claimant temporary total disability (TTD) benefits since October 7, 1987, but that it had not paid any permanent total disability benefits prior to the entry of the order. Following the order, the E/C paid claimant all past-due PTD benefits, taking a credit for TTD paid during that period.
On June 27, 1990, the E/C filed a “Motion for Clarification,” seeking to have the JCC declare whether the May 24, 1990 order did or did not allow credit for TTD benefits against the amount of PTD owed from October 7,1987, and claiming that the *84 possibility of the order being subject to differing interpretations did not occur to them until it was brought to their attention by claimant’s attorney, more than 30 days after entry of the May 24 order. At the hearing on the motion for clarification, the JCC stated “It’s my ruling that the overpayment was intended to be compensation, payment of compensation, and therefore it’s not a gratuity and merely should be reclassified.” The JCC then entered a written order on July 9, 1990, finding the E/C to be entitled to credit for “temporary total disability benefits paid against the amount due and owing for permanent total disability benefits for the same period.”
Because the May 24 order had already become final, the JCC was without jurisdiction to amend, vacate, or republish it at the time the E/C filed its “Motion for Clarification.” Stone & Webster Engineering Co. v. McCray, 377 So.2d 30 (Fla. 1st DCA 1979); Rule 4.141, Workers’ Compensation Rules; section 440.25, Fla.Stat. The July 9th order is therefore quashed.
ORDER QUASHED.
BOOTH and JOANOS, JJ., concur.