WEBSTER, Judge.
In this workers’ compensation case, claimant seeks review of an order in which the judge of compensation claims concluded that the employer and servicing agent were not obligated, pursuant to a prior order, to pay a hospital bill. Because we conclude that the *296 judge of compensation claims lacked jurisdiction to enter the order appealed, we reverse.
Claimant suffered an injury in 1982, which was accepted as compensable. In 1984, claimant suffered a second injury, which was also accepted as compensable. In 1988, claimant suffered a myocardial infarction, which he asserted was causally related to the two prior injuries. He filed a claim seeking “medical care and treatment by Dr. Harold L. Greenberg and all hospitalization ... recommended by Dr. Greenberg ... specifically including] South Seminole Community Hospital.” The employer and servicing agent resisted the claim. After a hearing, in February 1990 the judge of compensation claims entered an order in which he concluded that the myocardial infarction was causally related to claimant’s prior injuries. In that order, the judge of compensation claims referred to two stays by claimant at South Seminole Community Hospital, the first between September 5 and 16, 1988, and the second between September 19 and 22, 1989. Claimant was admitted for the first stay through the emergency room, having just suffered the myocardial infarction. With regard to the second stay, the judge of compensation claims noted that:
[T]he doctor [i.e., Dr. Greenberg] felt the Claimant in his electro cardiogram [sic] on September 19, 1989, had acute pericarditis which is an inflammation of the sack around the heart. Claimant had been hospitalized four days starting on September 19, 1989, but he was not in a life threatening situation. The doctor thought this was of a viral origin and completely unrelated to his hospitalization of September, 1988.
The only finding regarding financial responsibility for the two hospital stays reads: “I find that the bills of Dr. Greenberg and of the South Seminole Community Hospital are the responsibility of the Employer/Servicing Agent.” The order concludes by directing the employer and servicing agent to pay “(t)he bills of South Seminole Community Hospital and of Dr. Greenberg.” The employer and servicing agent appealed that order to this court. However, they subsequently dismissed that appeal before the merits had been addressed.
In October 1990, claimant filed a petition for a rule nisi in circuit court, pursuant to section 440.24(1), Florida Statutes (1989), alleging that no payments had been made as ordered by the judge of compensation claims, and requesting enforcement. The employer and servicing agent stipulated to the entry of an order by the circuit court directing them to comply with the terms of the February 1990 compensation order.
In June 1991, the employer and servicing agent filed with the judge of compensation claims a “Motion for Conference,” requesting a conference because they were “less than certain as to [their] obligation to provide future cardiological care” to claimant. Claimant responded with a petition requesting the judge of compensation claims to determine the amounts due pursuant to the agreed order entered in response to the petition for a rule nisi. In that petition, claimant alleged that the employer and servicing agent had not yet paid the bills of Dr. Green-berg and South Seminole Community Hospital. Although not entirely clear, it appears that, prior to the hearing which resulted in the order appealed, the parties reached agreement on all issues except responsibility for the South Seminole Community Hospital bill for the September 1989 stay.
At the hearing, the employer and servicing agent argued that, although it did not expressly say so, the “obvious intent” of the February 1990 order was that the September 1988 hospitalization was causally related to claimant’s industrial injuries and, therefore, was compensable; but that the September 1989 hospitalization was not causally related to claimant’s industrial injuries and, therefore, was not compensable. Claimant responded that the order directed that the employer and servicing agent pay for both hospitalizations; that the order had long ago become final; that, as a result, the judge of compensation claims lacked jurisdiction to alter the terms of the order; and that the only issue properly before the judge of compensation claims was the amount of the bill.
The judge of compensation claims held that “[i]t is evident from a reading of the entire [February 1990] Order that this Court held the Employer/Servicing Agent to be re *297 sponsible for the September 1988 hospitalization, but not the September 1989 hospitalization.” He held, further, that, if claimant had been dissatisfied with the order when it was entered, it was his burden timely either to appeal or to file a motion for rehearing. Accordingly, the judge of compensation claims declined to require the employer and servicing agent to pay any amount on account of the bill for the September 1989 hospitalization.
On appeal, claimant argues that there was nothing ambiguous about the February 1990 order; that it directed the employer and servicing agent to pay for both of claimant’s hospitalizations at South Seminole Community Hospital; and that the order appealed has the effect of amending the February 1990 order, which the judge of compensation claims lacked jurisdiction to do. We agree.
Notwithstanding the argument of the employer and servicing agent and the order of the judge of compensation claims, there is nothing in the February 1990 order which, when fairly read, manifests a finding that the September 1989 hospitalization was not com-pensable. The language upon which the employer and servicing agent and the judge of compensation claims rely merely notes that Dr. Greenberg was of the opinion that the September 1989 hospitalization was necessitated by “acute pericarditis,” which “[t]he doctor thought ... was of a viral origin and completely unrelated to [the] hospitalization of September, 1988.” Neither in that place nor anywhere else in the February 1990 order is there any suggestion that the September 1989 hospitalization was unrelated to claimant’s prior industrial injuries. However, the order does contain the following: “I find that the bills of Dr. Greenberg and of the South Seminole Community Hospital are the responsibility of the Employer/Servicing Agent.” In addition, the order directs the employer and servicing agent to pay “[t]he bills of South Seminole Community Hospital and of Dr. Greenberg.”
We believe that this case is indistinguishable from Dowd v. Sun-Crete Construction Co., 582 So.2d 83 (Fla. 1st DCA 1991). In Dowd, the judge of compensation claims had issued an order finding that the claimant was permanently and totally disabled since the stipulated date of maximum medical improvement; directing the employer and carrier to pay permanent total disability benefits from the date of maximum medical improvement; and permitting the employer and carrier to credit against the benefits due “ ‘any benefits paid in this same category.’ ” Id. It was undisputed that, while the employer and carrier had paid temporary total disability benefits prior to entry of the order, no permanent total disability benefits had been paid. The employer and carrier credited against the past-due permanent total disability benefits all temporary total disability benefits which had been paid. After more than thirty days had passed since entry of the order, the employer and carrier requested' “clarification,” claiming that the possibility that the order might be subject to differing interpretations had not occurred to them until it had been brought to their attention by the claimant’s attorney. The judge of compensation claims subsequently entered an order holding that the employer and carrier were entitled to credit against the past-due permanent total disability benefits for all temporary total disability benefits paid. The claimant appealed and this court reversed, concluding that, because the order had become final before the motion for clarification had been filed, the judge of compensation claims lacked jurisdiction “to amend, vacate, or republish” the order. Id. at 84.
As in Dowd, here we perceive nothing ambiguous about the February 1990 order. If, as the employer and servicing agent asserted for the first time more than a year after the order had been entered, they had a question regarding the intent of that order, it was their obligation (rather than claimant’s) timely to seek clarification. They failed to do so. Accordingly, the judge of compensation claims was without jurisdiction to amend that order. Because that was the effect of the order on appeal, we reverse and remand with directions that the judge of compensation claims determine the amount due and owing from the employer and servicing agent on account of the September 1989 hospitalization.
*298 REVERSED and REMANDED, with directions.
BOOTH and ALLEN, JJ., concur.