907 So.2d 561 (2005)
RTG FURNITURE CORPORATION and St. Paul Travelers, Appellants,
v.
Kathleen ALFORD, Appellee.
No. 1D04-3711.
District Court of Appeal of Florida, First District.
July 5, 2005.
*562 Daniel J. Ewin of Dubbeld & Kaelber, P.A., St. Petersburg, Attorney for Appellants.
Pat T. DiCesare, II, and Harold E. Barker of DiCesare, Davidson & Barker, P.A., Lakeland, Attorneys for Appellee.
THOMAS, J.
We have before us an appeal from a final order of the Judge of Compensation Claims ("JCC") awarding Claimant temporary partial disability benefits. Because we conclude that the JCC lacked jurisdiction to enter this order, we reverse.
Claimant suffered two separate injuries during her employment. On January 24, 2000, she injured her foot, and on August 10, 2000, she injured her back. On December 17, 2002, a hearing was conducted concerning both of these injuries. On January 24, 2003, the JCC entered an order finding that Claimant had reached "maximum medical improvement for all of her injuries" and ordered the Employer/Carrier ("the E/C") to pay Claimant temporary partial disability benefits. Claimant filed a timely motion to vacate the order for clarification, in which she requested the JCC to vacate the determination of overall maximum medical improvement. The JCC denied this motion, and the order was not appealed.
Claimant later requested temporary partial disability benefits for her back injury that occurred on August 10, 2000, and a hearing was conducted on this issue. On July 16, 2004, the JCC entered an order determining that the January 24, 2003, order only found Claimant to be at maximum medical improvement for her foot and psychiatric injuries. Based on this interpretation, the JCC ordered the E/C to pay Claimant temporary partial disability benefits for her back injury. On appeal, the E/C argue that the JCC lacked jurisdiction to enter the July 2004 order, which amended the original January 2003 order. We agree.
Once an unambiguous order becomes final, the JCC is without jurisdiction to amend, vacate, or republish it. Brooks v. Monroe County Sheriff Dep't, 634 So.2d 295, 296 (Fla. 1st DCA 1994); Dowd v. Sun-Crete Constr. Co., Inc., 582 So.2d 83, 84 (Fla. 1st DCA 1991). In the instant case, the original order was final over a year before the JCC entered the July 2004 order. Additionally, the original order clearly stated that Claimant was at maximum medical improvement for all of her injuries. It did not contain any limiting language to suggest that it only applied to injuries that occurred on January 24, 2000. Claimant could have filed an appeal of the January 2003 order. Because the January 2003 order was unambiguous and was not challenged on appeal, the JCC did not have jurisdiction to enter the July 16, 2004, order. We therefore vacate the July 16, 2004, order.
REVERSED.
ERVIN and PADOVANO, JJ., concur.