19 So.3d 386 (2009)
Magdalene RODRIGUEZ, a single woman as parent and natural guardian of Noemi Rodriguez, a minor, Appellant,
v.
FLORIDA BIRTH-RELATED NEUROLOGICAL INJURY COMPENSATION ASSOCIATION, Appellee.
Joseph Basey and Lisa Basey, as parents and natural guardians of Samantha Basey, a minor, Appellant,
v.
Florida Birth-Related Neurological Injury Compensation Association, Appellee.
Nos. 2D07-5140, 2D07-5141.
District Court of Appeal of Florida, Second District.
June 24, 2009.
Rehearing Denied August 27, 2009.
*387 Richard A. Gilbert, David M. Caldevilla, and Christopher J. Lewis of de la Parte & Gilbert, P.A., Tampa, and J. Daniel Clark of Clark & Martino, P.A., Tampa, for Appellants.
Wilbur E. Brewton, Kelly B. Plante, and Tana D. Storey of Brewton Plante, P.A., Tallahassee, for Appellee.
SILBERMAN, Judge.
Ms. Rodriguez and the Baseys are parents of children with birth-related neurological injuries (the Parents). In these consolidated cases, Ms. Rodriguez and the Baseys appeal separate orders that purport to clarify a 1995 final order as to Rodriguez and a 1999 final order as to the Baseys. Those final orders approved stipulations settling the Parents' respective claims for benefits. In 2007, the Florida Birth-Related Neurological Injury Compensation Association (NICA) sought clarification of the previously entered final orders. Because the Division of Administrative Hearings (DOAH) did not have jurisdiction to enter the appealed clarification orders, we reverse the orders and remand for further proceedings on the Parents' motions for attorneys' fees and costs.
On August 22, 2007, NICA filed its motions for clarification of the 1995 and 1999 final orders. In the motions and at the hearing held in October 2007, NICA argued that the DOAH administrative law judge (ALJ) had jurisdiction to enforce the final orders pursuant to section 766.312, Florida Statutes (2007), and jurisdiction to interpret and clarify those final orders. NICA referred to a class action lawsuit that the Parents had filed in the circuit court for Hillsborough County, which involved a dispute between NICA and the Parents regarding care services the Parents rendered for their children. NICA argued that it had not previously sought clarification in the years since entry of the final orders because there had not been any need to do so until the Parents filed *388 their class action lawsuit. NICA indicated that even though it was not confused by the final orders, it filed its motions because of the Parents' contentions that NICA was not complying with its payment obligations.
The Parents filed responses to NICA's motions and asserted, among other arguments, that the ALJ did not have jurisdiction to entertain the motions for clarification. The Parents argued that NICA's motions were an improper attempt to circumvent the existing class action lawsuit. They stated that the class action lawsuit had been filed to address what the Parents believed was misconduct by NICA in its application of a 2002 statute to children who were born before the effective date of the statute. The Parents asserted that a class action was appropriate to allow a determination for families that were in a "similar predicament" regarding NICA's interpretation and application of the 2002 statute and that NICA's motions for clarification were an attempt to divest the circuit court of its jurisdiction. The Parents requested attorneys' fees and costs for having to defend against NICA's motions.
In October 2007, the ALJ entered orders that purported to clarify the 1995 and 1999 final orders. The ALJ also denied the Parents' motions for attorneys' fees and costs.
Section 766.312 provides the ALJ with authority to "enforce" awards. However, in the 2007 orders the ALJ did not enforce the awards that were made in the 1995 and 1999 final orders. Instead, the ALJ granted NICA's motions "[t]o the extent clarification may be warranted." The ALJ reiterated NICA's obligation to pay past and future expenses as authorized by statute and as required by the 1995 and 1999 final orders. The ALJ also observed that no dispute regarding the Parents' entitlement to benefits had even been presented to DOAH for resolution.
We agree with the Parents' argument that the ALJ was without jurisdiction to clarify, years later, the 1995 and 1999 final orders. See Brooks v. Monroe County Sheriff Dep't, 634 So.2d 295, 297 (Fla. 1st DCA 1994) (determining that a judge of compensation claims lacked jurisdiction to amend an unambiguous order more than a year after it had been entered and recognizing that a party is obligated to timely seek clarification if the party is uncertain as to the intent of an order). Further, the appealed orders do not appear to clarify anything about the 1995 and 1999 final orders. After reviewing NICA's motions and the record before us, we tend to agree with the Parents' assertion that NICA, in filing its motions for clarification, sought relief from the ALJ in order to circumvent the class action that was already pending in the circuit court. Because the ALJ did not have jurisdiction to enter the orders that purport to clarify the 1995 and 1999 final orders, we reverse.
The Parents also argue that the ALJ erroneously denied their motions for attorneys' fees and costs, which were filed pursuant to several statutes. Because we are reversing the ALJ's clarification orders, we remand for the ALJ to reconsider the motions for fees and costs.
The ALJ denied the Parents' motions for fees and costs pursuant to section 766.31(1)(c). That section provides for the recovery of "[r]easonable expenses incurred in connection with the filing of a claim under ss. 766.301-766.316, including reasonable attorney's fees." NICA's motions for clarification were directed to the final orders that approved the Parents' claims for benefits, and as a result of the motions, the Parents incurred expenses. We conclude that the Parents' expenses to defend against NICA's untimely efforts to *389 seek clarification of the 1995 and 1999 final orders are expenses incurred in connection with the filing of their claims for benefits.[1] Accordingly, we reverse and remand for the ALJ to award the Parents' their reasonable expenses incurred in this matter.
The ALJ struck the Parents' motions for fees and costs under section 57.105, Florida Statutes (2007), and denied the Parents' motions for fees and costs under section 120.569(2)(e), Florida Statutes (2007). Because of our decision that the Parents' are entitled to recover their fees and costs under section 766.31(1)(c), their claims for fees and costs under sections 57.105 and 120.569(2)(e) may be moot. However, to the extent that the Parents may still be entitled to relief under the latter two statutes, we make the following observations.
It appears that the ALJ struck the Parents' section 57.105 motions on the basis that they were prematurely filed in violation of section 57.105(4). The Parents argue that they did not file the motions with DOAH, that they have in their possession the original motions, that they provided copies of the motions to NICA and others, and that it appeared someone else filed copies of the motions with DOAH. The issue as to the filing of the motions was not addressed at the hearing before the ALJ, and the record does not establish whether the Parents or someone else prematurely filed the motions. On remand, to the extent that the Parents continue to seek fees and costs under section 57.105, an evidentiary hearing may be required for the ALJ to determine whether the Parents complied with the procedural requirements of that statute.
The ALJ also denied the Parents' motions for fees and costs under section 120.569(2)(e) on the basis that it had granted NICA's motions for clarification. On remand, in light of our reversal of the clarification orders and to the extent that the Parents' still seek fees and costs under that statute, the ALJ will need to reconsider the issue.
Reversed and remanded.
NORTHCUTT, C.J., and LaROSE, J., Concur.
NOTES
[1] We have little doubt that had NICA sought clarification immediately after the entry of the final orders in 1995 and 1999, the DOAH would have considered the motions for clarification to be in connection with the Parents' claims for benefits. The Parents should not be required to absorb their reasonable expenses simply because NICA filed the motions years later.