No. 12565

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

JOHN A. PALMQUIST and BARBARA K.
PALMQUIST, husband and wife, and
WAYNE W. WHITNEY and HELEN WHITNEY,
husband and wife,

                Plaintiffs and Respondents,

  -vs-

ALLARDYCE PETROLEUM CORPORATION,
a Colorado corporation,

                Defendant and Appellant.

---

Appeal from:  District Court of the Eighteenth Judicial District,
            Hon. W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellant:

        Berg, O'Connell, Angel and Andriolo, Bozeman, Montana
        Charles F. Angel argued, Bozeman, Montana

    For Respondents:

        Hughes, Bennett and Cain, Helena, Montana
        George T. Bennett argued, Helena, Montana

---

                Submitted:  January 15, 1974

                Decided: APR - 1 1974

Filed: APR - 1 1974

*Thomas J. Kearney*
                    Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Defendant, Allardyce Petroleum Corporation, brings this appeal from a summary judgment entered by the district court of Gallatin County in favor of plaintiffs, John A. Palmquist and Barbara K. Palmquist, husband and wife, ordering specified performance of a written contract for the purchase of land.

The contract was entered into February 10, 1971, and provided for purchase by plaintiffs from defendant of "Lot No. 14" in the "Bridger Pines Subdivision" located in Gallatin County, Montana, near the "Bridger Bowl" ski area. Under the terms of the contract, plaintiffs paid $100 earnest money and agreed to pay $5,900 as the balance of the purchase price:

> "Balance to be paid when Plat is approved and
> Covenants are filed and title and Warranty Deed
> are given."

"Lot No. 14" referred to in the contract was so described on a "Preliminary Road and Lot Plan" which had not been approved and recorded as a subdivision plat in Gallatin County at the time the contract was signed. In its answer defendant contended the Gallatin County city-county planning board and the county commissioners of Gallatin County refused to approve that preliminary road and lot plan, which necessitated the redesign of the Bridger Pines Subdivision plat. The redesigned plat of Bridger Pines Subdivision eliminated Lot No. 14 and designated the area it previously occupied as "open space". No contentions were made by defendant concerning whether the Bridger Pines Subdivision plat could have been redesigned and approved to retain the originally designated Lot No. 14. Rather, it simply contended that through no fault of defendant, the original plat was not approved, making the sale contract impossible to perform.

Plaintiffs contended that the redesign of the Bridger Pines Subdivision plat so as to eliminate Lot No. 14 was a "sleight

of hand trick" done in an attempt to defeat the written contract and thus enable defendant to take advantage of the substantially appreciated values of this as recreation land. There are no facts in the record before this Court to support either contention.

The issue before this Court is whether the summary judgment granting specific performance of the contract was proper on the pleadings, motions, evidence, briefs and hearing before the district court.

Defendant contends the hereinabove quoted contract language amounted to a contractual condition precedent. We find no merit in this contention. It is a principle of contract law that a mere stipulation or covenant in a contract will not be construed as a condition precedent, particularly where a forfeiture would result and where it appears a condition precedent, if desired, could have been provided for by express agreement. 17A C.J.S. Contracts § 338; 12 Cal.Jur.2d Contracts § 171; 17 Am Jur 2d, Contracts § 321.

Defendant contends also that the unforseeable act of the Gallatin County city-county planning board and the county commissioners of Gallatin County in disapproving the original plat of Bridger Pines Subdivision gave rise to the defense of contractual impossibility as a matter of law. We find no merit in this contention. In Hein v. Fox, 126 Mont. 514, 254 P.2d 1076, this Court said:

> "Then too, where a party enters into a contract
> knowing that permission of government officers
> will be required during the course of performance,
> that such permission was not forthcoming when
> required does not constitute an excuse for non-
> performance. See 17 C.J.S. Contracts, sec. 463,
> page 953; Standard Oil Co. of New York v. Central
> Dredging Co. 252 N.Y. 545, 170 N.E. 137."

See also Corbin on Contracts, Vol. 6, § 1346; 84 ALR2d

We cannot, upon the record before us, affirm the remedy of specific performance, which is, under the law, an extraordinary substitute for the legal remedy of compensation and can be ordered only on equitable grounds. There is insufficient evidence in the record from which to determine whether specific performance as directed would work an inordinate inconvenience or hardship upon the defaulting party or upon innocent third persons who may have purchased lots in the Bridger Pines Subdivision as it is now platted. Interior Securities Co. v. Campbell, 55 Mont. 459, 178 P. 582; 81 C.J.S. Specific Performance §§ 17, 18 and 19; 71 Am Jur 2d, Specific Performance §§ 75 and 76.

The order of the district court granting specific performance of conveyance of Lot 14 as originally platted is reversed and this cause remanded for further proceedings concerning the issue.

_____
                 Justice

We concur:

_____
  Chief Justice

_____

_____

_____
  Justices

- 4 -