592 So.2d 341 (1992)
In re ESTATE OF Leonard M. BOYAR, Deceased.
Nos. 90-2541, 91-0538.
District Court of Appeal of Florida, Fourth District.
January 8, 1992.
Rehearings Denied February 3, 1992.
*342 John Beranek of Aurell, Radey, Hinkle & Thomas, Tallahassee, for appellee-Christine L. Lambertus, as Personal Representative of the Florida Estate of Leonard M. Boyar, Deceased.
Kenneth R. Mikos, Fort Lauderdale, for appellees-Diana Sladek, individually and as parent of Tiffany Sladek, Charles Gifford, Robert Morris and Robert Boyar.
H. Terrell Griffin of Griffin, Linder & Wright, P.A., Orlando, for appellee-Anna May Right.
PER CURIAM.
This case involves the enforcement of a contract between husband and wife in which they agreed not to alter or change the testamentary disposition contained in their respective wills. The trial court held the contract was valid and that the surviving husband breached it when he executed a new will changing his testamentary disposition. The trial court rendered two summary judgments in favor of the previous will's beneficiaries, and the personal representative of the deceased husband's estate has appealed both.
Leonard and Dorothy Boyar, husband and wife, executed their wills, the former on September 27, 1978, and the latter on September 28, 1978. Also on September 28th, they executed an agreement styled AGREEMENT NOT TO REVOKE OR CHANGE WILL. Said agreement contained two sections, one styled WILL NOT BE REVOKED OR CHANGED and the other CUSTODY OF WILL AND CONTRACT. In Section One, Dorothy agreed not to change or revoke her will or make a new will which would reduce her bequest to Leonard's son, Robert Boyar. Leonard agreed that he would not revoke or change his will which devised and bequeathed his estate to his son, Robert, and to Dorothy's designated children or grandchildren. Section Two provided that an executed copy of the contract, together with Dorothy's original will of September 28th and Leonard's original will of September 27th were to be deposited with William T. Stephens, Dorothy's brother and the lawyer who prepared both wills and the contract involved herein.
Dorothy died in 1986 and her 1978 will was deposited with the Broward County Circuit Court. However, no probate proceedings were initiated because all of Dorothy's property was held as tenancies by the entirety with her husband Leonard. Some three years after Dorothy's death, Leonard executed a new will, dated August 30, 1989, in which he abandoned the testamentary disposition contained in his 1978 will and left his entire estate to his brother, a sister, and a friend. The later will was admitted to probate, and the various beneficiaries of the previous 1978 will filed claims against the estate for breach of the contract not to revoke or change the 1978 will. The trial court ruled in favor of the beneficiaries of the 1978 will, and thus against the personal representative of Leonard's estate.
*343 The personal representative of the estate, as the proponent of the 1989 will, seeks reversal of the trial court's judgments on the procedural ground that summary judgment was premature because of the continued existence of genuine issues of material fact. Furthermore, on a substantive basis, appellant contends that the record indicated that Section Two of the September 28th contract was never complied with, in that neither Dorothy nor Leonard deposited their wills and the contract with William Stephens, and thus the contract never became effective.
The appellees assert that no genuine issues of material fact exist and that whether the wills and contract were ever deposited with Stephens is of no legal consequence vis-a-vis the legal effect of the contract not to revoke their wills.
Initially, we note that it is not clear whether the wills and contract were ever deposited with Stephens. What is clear is that both the wills and contract were properly executed; and that when Dorothy died, her will was in her possession and no one seems to know where the original contract is located. As indicated above, Stephens prepared the wills and the contract, and he testified by deposition that he has an office file that contains only copies of the papers that he prepared. He has no recollection whether the wills and contract were ever deposited with him, and if deposited, when they were returned to Dorothy and Leonard.
The trial judge was not impressed with the arguments presented by appellant and found that there was nothing facially in the agreement which indicated that depositing the wills and contract with Stephens was a condition precedent to the validity of the contract. We agree.
As a general rule, conditions precedent are not favored, and courts will not construe provisions to be such, unless required to do so by plain, unambiguous language or by necessary implication. 17A Am.Jur.2d Contracts § 471 (1991). Some of the rules of construction associated with determining whether a doubtful provision is a condition precedent are set forth in Hohenberg Bros. Co. v. George E. Gibbons & Co., 537 S.W.2d 1 (Tex. 1976), wherein the court said:
Conditions precedent to an obligation to perform are those acts or events, which occur subsequently to the making of a contract, that must occur before there is a right to immediate performance and before there is a breach of contractual duty. While no particular words are necessary for the existence of a condition, such terms as "if", "provided that", "on condition that", or some other phrase that conditions performance, usually connote an intent for a condition rather than a promise. In the absence of such a limiting clause, whether a certain contractual provision is a condition, rather than a promise, must be gathered from the contract as a whole and from the intent of the parties.
However, where the intent of the parties is doubtful or where a condition would impose an absurd or impossible result then the agreement will be interpreted as creating a covenant rather than a condition. This Court has on numerous occasions discussed the nature of conditions and covenants and as a general rule has noted that, "Because of their harshness in operation, conditions are not favorites of the law." The rule, as announced in Henshaw v. Texas Natural Resources Foundation, 147 Tex. 436, 216 S.W.2d 566 (1949), is that:
"Since forfeitures are not favored, courts are inclined to construe the provisions in a contract as covenants rather than as conditions. If the terms of a contract are fairly susceptible of an interpretation which will prevent a forfeiture, they will be so construed."
Id. at 3 (citations omitted).
Looking to the plain language in Section Two of the contract involved herein, we see no indication that this provision was intended to be a condition precedent to the contract's validity.
Furthermore, in Palmquist v. Allardyce Petroleum Corp., 164 Mont. 178, 520 P.2d 783, 784 (1974), the court articulated another *344 rule of construction to be considered when a finding that a provision may be a condition precedent, which would require a forfeiture:
It is a principle of contract law that a mere stipulation or covenant in a contract will not be construed as a condition precedent, particularly where a forfeiture would result and where it appears a condition precedent, if desired, could have been provided for by express agreement. 17A C.J.S. Contracts § 338; 12 Cal.Jur.2d Contracts § 171; 17 Am.Jur.2d, Contracts § 321.
The purpose of the contract between the Boyars was to guarantee that their mutual testamentary plan would reach fruition. They wanted to be certain that, if Dorothy's demise occurred first, Leonard's son Robert would inherit 25% of Dorothy's estate. If Leonard died first, they wanted assurance that 25% of his estate would pass to his son Robert and the remainder to Dorothy's designated children and grandchildren. The execution of the contract by the two parties accomplished that purpose and designating the situs or depository of the instruments was of minor significance absent language in the contract indicating an intention otherwise.
Finally, none of appellant's affirmative defenses appear to create genuine issues of material fact, and thus Leonard's revocation of his 1978 will constitutes a breach of the valid 1978 contract, and entitles the appellees to the summary judgments being reviewed. See Roberts v. Stokley, 388 So.2d 1267 (Fla. 2d DCA 1980), rev. denied, 394 So.2d 1153 (Fla. 1981).
Accordingly, the judgments are AFFIRMED.
DOWNEY, HERSEY and DELL, JJ., concur.