901 So.2d 307 (2005)
CINTAS CORPORATION NO. 2, Appellant,
v.
Russell L. SCHWALIER, Appellee.
No. 1D04-4005.
District Court of Appeal of Florida, First District.
April 29, 2005.
*308 Michael E. Riley of GrayRobinson, P.A., Tallahassee; and Mark J. Chumley of Keating, Muething & Klekamp, P.L.L., Cincinnati, Ohio, for Appellant.
John A. Unzicker, Jr., of Vernis & Bowling of Northwest Florida, P.A., Pensacola, for Appellee.
PADOVANO, J.
This is an appeal from a nonfinal order denying a motion to compel arbitration. We conclude that the employment contract containing the arbitration clause was valid and enforceable and therefore hold that the trial court erred in denying the motion.
The present controversy arose in the context of a civil action for wrongful termination of employment. The plaintiff, Russell Schwalier, sued his employer, Cintas Corporation, alleging that he was fired from his job because he had filed a workers' compensation claim. A retaliatory discharge, such as the one alleged here, is prohibited by section 440.205, Florida Statutes. Cintas sought to have the claim resolved in arbitration under a provision of an employment contract Schwalier signed approximately one year after he began work.
Cintas' obligation under the contract was to retain Schwalier as an employee and to provide him with an increase in pay and benefits. Schwalier contends that he was dismissed about six months after he signed the contract and that he did not receive any increase in his compensation. Because he did not obtain anything of value, he contends that the contract is invalid for lack of consideration *309 and, as a consequence, that the arbitration clause cannot be enforced against him.
This court has jurisdiction to hear an appeal from a nonfinal order determining entitlement to arbitration. See Fla.R.App.P. 9.130(a)(3)(C)(iv); Hill v. Ray Carter Auto Sales, Inc., 745 So.2d 1136 (Fla. 1st DCA 1999). Because the order at issue turns on the validity of a contract, it is subject to review on appeal by the de novo standard. See Brasington v. EMC Corp., 855 So.2d 1212 (Fla. 1st DCA 2003). In our view, Cintas was entitled to arbitration as a matter of law.
Although the contract may have been breached, we have no reason to conclude that it is void. Schwalier argues that he did not receive the increase in pay and benefits, but even if that is the case, Cintas' failure to perform would not necessarily render the contract invalid for lack of consideration. Under Florida law, a failure of consideration is not alone sufficient to support a claim for rescission or cancellation of a contract; an action for damages is an adequate remedy. See 9 Fla. Jur.2d CANCELLATION § 29; see also Royal v. Parado, 462 So.2d 849 (Fla. 1st DCA 1985); Rennolds v. Rennolds, 312 So.2d 538 (Fla. 2d DCA 1975).
A promise, no matter how slight, qualifies as consideration if the promisor agrees to do something that he or she is not already obligated to do. See Diaz v. Rood, 851 So.2d 843 (Fla. 2d DCA 2003). Here, the consideration for the contract was the promise of continued employment, increased pay and benefits. Cintas' failure to keep this promise may support an action by Schwalier for breach of contract or a defense to a claim that Schwalier had himself breached the contract, but it does not support an argument that the contract was void.
For these reasons we conclude that the trial court erred in denying the motion to compel arbitration. Any claim that Schwalier has for Cintas' alleged failure to deliver on its promised consideration may be resolved in arbitration.
Reversed.
ERVIN and LEWIS, JJ., concur.