913 So.2d 79 (2005)
Nancy KLATT, Appellant,
v.
WAL-MART STORES, INC., and Integrated Administrators, Appellees.
No. 1D04-3689.
District Court of Appeal of Florida, First District.
October 17, 2005.
*80 Keith A. Mann of Mann Employer Legal Group, P.A., Sarasota, and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for Appellant.
Brian S. Bartley of Kelley, Kronenberg, Gilmartin, Fichtel & Wander, Fort Myers, for Appellees.
PER CURIAM.
Claimant, Nancy Klatt, appeals from a final order of the Judge of Compensation Claims (JCC) denying her petition for attorney's fees, contending that the JCC erred in concluding that the plain language of the parties' joint stipulation precluded her request. We review de novo the JCC's interpretation of a written settlement agreement, and affirm. See, e.g., City of Winter Springs v. Winter Springs Prof'l, 885 So.2d 494 (Fla. 1st DCA 2004).
Klatt was injured May 14, 1998, and filed a petition seeking benefits related to a stomach/colon condition and an orthopedic condition, which the JCC denied. While Klatt's appeal of this order was pending, she filed additional petitions for benefits related to two falls that resulted in foot problems, and the parties resolved these claims in mediation. The parties thereafter, on October 23, 2003, executed the following Stipulation for Attorney's Fees, the meaning of which is at issue in the case at bar.
COME NOW, the undersigned attorneys, for and on behalf of their respective Clients and stipulate as follows:
1. Claim was made for attorney's fees by Keith A. Mann, Esquire based upon payment of medical bills, authorization of Dr. Hamilton for morphine pump implant, authorization of IME physician, payment of past due indemnity and payment of PTD benefits commencing 6/24/03. In order to avoid the cost and uncertainties of further litigation on this issue, the parties have reached a compromised agreement.
2. Based upon the criteria outlined in Florida Statute 440.34(1), the parties agree that the Employer/Carrier shall pay to Claimant's attorney, an attorney's fee in the amount of $27,744.76 inclusive *81 of costs. Upon making said payment, the Employer/Carrier's responsibility for any fee payable to Keith A. Mann, Esquire and/or his firm for non-appellate time expended through the date of the Order approving this Stipulation shall be completely discharged.

(Emphasis added.)
On December 16, 2003, this court issued an opinion affirming in part the JCC's original order denying benefits, reversing the JCC's rulings pertaining to Klatt's stomach/colon condition, and remanding for an independent medical examination (IME) for such condition. Klatt v. Wal-Mart Stores, Inc., 861 So.2d 97 (Fla. 1st DCA 2003). The parties entered into a stipulation for Klatt's appellate attorney's fees, but the JCC denied Klatt's petition seeking fees for 46.6 hours of non-appellate time expended securing the stomach/colon IME. This appeal followed.
We affirm the JCC's determination that the final sentence in the October 23, 2003, stipulation, quoted above, precluded Klatt's petition for non-appellate attorney's fees. In that provision, Klatt clearly relinquished any additional claim for fees based upon time that counsel had expended prior to the appeal. As the JCC observed, Klatt "could have excepted out time related to any issue upon which she prevailed upon appeal, just as she excepted out the appellate fees," but she did not. Klatt is bound by the plain language of the stipulation, even if it is the result of poor drafting. See, e.g., Terranova Corp. v. 1550 Biscayne Assocs., Corp., 847 So.2d 529 (Fla. 3d DCA), review den., 860 So.2d 978 (Fla. 2003).
AFFIRMED.
ALLEN and POLSTON, JJ., concur; ERVIN, J., dissents with opinion.
ERVIN, J., dissenting.
I take exception with the majority's characterization of the stipulation as being expressed in "plain language." The language in the final paragraph of the stipulation absolving the employer/carrier (E/C) from further responsibility as to any fee payable to claimant's counsel "for non-appellate time expended through the date of the order approving the stipulation" should be, in my judgment, limited by the specified items which counsel secured for his client, as stated in the preceding paragraph. As so construed, the statutory maxim of ejusdem generis is highly pertinent to the proper interpretation of the parties' intent. This term is defined as a "canon of construction that when a general word or phrase follows a list of specifics, the general word or phrase will be interpreted to include only items of the same type as those listed." BLACK'S LAW DICTIONARY 556 (8th ed.2004).
It is altogether clear that the authorization of the independent medical examiner (IME) physician, referred to in paragraph one of the stipulation, was an entirely different benefit from that secured by the appeal which culminated in this court's decision of December 16, 2003, reversing the denial of an IME physician specializing in disorders of the stomach and colon. The record, moreover, discloses that the authorizations secured by the stipulation were for IME physicians specializing in orthopedic surgery and podiatry.
The appeal in the present case is solely related to the denial of fees for a benefit that had not been secured at the time of the parties' stipulation, or the order approving that stipulation. Because our review of the JCC's construction of the stipulation is de novo, as recognized by the majority, I consider a more plausible interpretation is that the language in the stipulation barring the E/C from further *82 responsibility for any fee payable to claimant's attorney as memorializing the parties' agreement that the E/C would pay no additional fee for time expended by claimant's counsel in prosecuting the claims set out in the first paragraph.
It should be remembered that the binding effect of a stipulation can be set aside upon a showing that it was induced by "fraud, overreaching, misrepresentation or withholding facts by the adversary or some such element as would render the agreement void." Steele v. A.D.H. Bldg. Contractors, Inc., 174 So.2d 16, 19 (Fla. 1965). Under such construction, if claimant's counsel had later sought to set the stipulation aside based on any of the above recognized grounds, he would be precluded from seeking an additional fee as to any non-appellate time expended by him through the date of the order approving the stipulation, but such language could not be applied to bar appellant's entitlement to a fee for a claim entirely unrelated to those expressed in the stipulation, which, at the time of the agreement, remained in dispute.