932 So.2d 428 (2006)
Valerie J. QUINLAN, as Personal Representative of the Estate of Betty Jean Jacobsen, Appellant,
v.
ROSS STORES and Sedgwick Claims Management Services, Appellees.
No. 1D05-2952.
District Court of Appeal of Florida, First District.
April 24, 2006.
Rehearing Denied July 3, 2006.
Kevin G. Bennett and Howard S. Grossman of Howard S. Grossman, P.A., Boca Raton, for Appellant.
Maria Kayanan of Kubicki Draper, Miami, for Appellees.
PER CURIAM.
In this workers' compensation case, the deceased claimant's personal representative appeals from an order of the judge of compensation claims denying her motion to enforce a proposed settlement agreement. The proposed agreement was based on the terms of a Mediation Settlement Agreement that the parties had reached as to the claimant's compensable industrial accident. Because the contingencies to final settlement set forth in the Mediation Settlement Agreement had not occurred, we agree with the judge's ruling that a final and enforceable agreement was never made.
The Mediation Settlement Agreement was expressly not final and was contingent *429 upon both parties' approval of a Medicare set-aside amount for future medical care. It was also expressly contingent upon resolution of any Medicare lien(s) that may be determined to exist. Neither of these contingencies had come to pass at the time that the claimant signed a draft proposed settlement agreement prepared by the carrier's attorney. Nor did the employer/carrier ever execute the proposed agreement. Although the proposed settlement agreement contained a recommended figure for the Medicare set-aside amount, that amount had yet to be approved by the Centers for Medicaid and Medicare Services ("CMMS") at the Department of Health & Human Services. Such approval was required before the employer/carrier could sign off on the amount. Further, the parties agree that the existence and amount of any Medicare liens had yet to be determined at the time the claimant signed the proposed agreement. The claimant died less than a month after signing the draft documents.
We agree with the judge's conclusion below that the express contingencies set forth in the Mediation Settlement Agreement were not satisfied at the time the claimant signed the proposed agreement or by the time she died. We reject the claimant's argument that the mere inclusion in the draft agreement of the recommended set-aside amount and discussion of responsibility for any liens therein amounted to resolution of these issues and fulfillment of the contingencies. Competent substantial evidence in the record supports the judge's finding that the parties intended for finality of the settlement agreement to hinge on both approval of the set-aside amount by CMMS and actual resolution of any Medicare liens after the existence and amount thereof had been determined.
The instant case is distinguishable from our recent decision in Calderon v. J.B. Nurseries, Inc., 933 So.2d 553, 2006 WL 263644 (February 6, 2006). In Calderon, the judge of compensation claims found that the parties intended to settle the appellant's claim by their mediated settlement agreement. We held that the appellant's later refusal to execute a release, despite having agreed in writing to execute any releases the employer/carrier may require, did not void the binding settlement agreement. Significantly, in Calderon, we were bound by the judge's factual finding that the parties intended that the mediated agreement constitute a final settlement of the claim. See id. at 554; see also Dixie Lime & Stone Co. v. Lott, 196 So.2d 422 (Fla.1967); Prather v. Process Systems, 867 So.2d 479 (Fla. 1st DCA 2004).
We are not faced with such a finding as to the parties' intent in the present case. To the contrary, the judge in this case found that the parties did not intend that the Mediation Settlement Agreement was to be final and enforceable, and that they instead intended that its finality would depend upon the subsequent provision and execution of additional documents. This finding is supported by the language of the Mediation Settlement Agreement itself, which expressly states, "The parties acknowledge that this document does not represent the final agreement & that subsequent documents will be prepared & signed by the parties." Because the judge's factual finding as to the parties' intent is supported by competent substantial evidence, it is conclusive on that point, just as a contrary finding under the facts presented in Calderon was conclusive. See Dixie Lime; Prather.
Based on the record, the judge correctly ruled that the necessary and express contingencies to finality set forth in the Mediation Settlement Agreement had not yet occurred at the time the claimant signed *430 the draft proposed settlement agreement. Therefore, we affirm the judgment below.
ERVIN, PADOVANO, and HAWKES, JJ., concur.