937 So.2d 777 (2006)
Tammy GUNDERSON, as Personal Representative for The Estate of Alan Gunderson, Deceased, Appellant,
v.
SCHOOL DISTRICT OF HILLSBOROUGH COUNTY and Broadspire fka CNA Claims Plus, Appellees.
No. 1D05-4323.
District Court of Appeal of Florida, First District.
September 13, 2006.
*778 William H. McKnight, of William H. McKnight Esquire P.A., Tampa, for Appellant.
L. Gray Sanders and Denise Puckett, of Barbass, Koenig, Nunez, Sanders & Butler, P.A., Tampa, for Appellees.
WOLF, J.
In this workers' compensation appeal, the claimant's widow, as personal representative of his estate, seeks to enforce a settlement agreement signed by the deceased and his former employer (E/C) immediately prior to his death. Because we find the settlement agreement became a binding, enforceable contract upon the later entry of an order approving attorney's fees, we reverse the trial court's order denying the claimant's widow's request to enforce the agreement.
The disputed settlement agreement read in its entirety:
This is a Washout Settlement under F.S. 440.20(11).
Parties agree to a complete and final settlement of all claimant's claims for medical care and indemnify for $52,808 inclusive of attorney's fees and costs. [Claimant] to pay $9,000 fees and $3,308 costs.
Claimant agrees to execute a general release and voluntary resignation. General release will not affect any vested pension or defined compensation rights. Parties understand settlement is effective and binding upon entry of order approving motion for attorney's fees.
Both parties concede that the claimant failed to execute a general release or sign a voluntary resignation prior to his death. Both parties equally concede that the claimant's widow sought and received an order approving her motion for attorney's fees as personal representative of her husband's estate and later executed a general release and voluntary resignation on her husband's behalf. The E/C argues the deceased's failure to execute these documents prior to his death negates its duty to pay the settlement fee. However, the claimant's widow asserts that her execution and service of both the general release and a voluntary resignation, as personal representative of the deceased's estate, amounts to performance of the contract, thereby requiring performance on the E/C's part. The E/C never objected to the form of the voluntary release or resignation, but merely objected because they were not executed by the claimant prior to his death.
*779 Where the order on appeal turns on the validity of a contract, it is subject to a de novo standard of review. See Cintas Corp. No. 2 v. Schwalier, 901 So.2d 307, 308, 309 (Fla. 1st DCA 2005) (citing Brasington v. EMC Corp., 855 So.2d 1212 (Fla. 1st DCA 2003)). However, to the extent that the issue of enforcement of a workers' compensation settlement agreement following the claimant's death is intermingled with findings of fact, this court should apply the competent substantial evidence standard to those determinations of fact made by the lower court. See Quinlan v. Ross Stores, 932 So.2d 428, 429 (Fla. 1st DCA 2006); cf. Calderon v. J.B. Nurseries, Inc., 933 So.2d 553 (Fla. 1st DCA 2006).
In defense of its failure to perform the settlement agreement, the E/C asserts that the deceased's execution of the general release and voluntary resignation were either conditions precedent or conditions subsequent to the formation of a valid contract and, thus, the failure to execute the documents renders the settlement agreement non-binding. This argument is without merit. Provisions of a contract will only be considered conditions precedent or subsequent where the express wording of the disputed provision conditions formation of a contract and or performance of the contract on the completion of the conditions. See In re Estate of Boyar, 592 So.2d 341, 343 (Fla. 4th DCA 1992) (holding conditions precedent are not favored, and clauses will not be construed as conditions precedent unless the plain, unambiguous meaning of the contract requires the court to do so); see also Quinlan, 932 So.2d at 428 (holding that an agreement to settle entered into upon mediation of a workers' compensation settlement never materialized into a binding contract where the expressly written conditions to enforcement were never met); Black's Law Dictionary, 312 (8th ed. 2004) (defining a condition subsequent as a condition that, if it occurs, will bring something else to an end; an event the existence of which, by agreement of the parties, discharges a duty of performance that has arisen).
No such wording exists in the disputed contractual provisions. The only conditional wording found in the agreement conditioned the binding nature of the agreement upon the deceased claimant's receipt of an order approving his motion for attorney's fees. Thus, the execution of the general release and the voluntary resignation were not conditions to the contract's performance or creation. In addition, the deceased claimant's wife's filing of a motion seeking approval of attorney's fees, as personal representative of her husband's estate, and later receipt of an order approving the motion for attorney's fees, created a binding settlement agreement per the express conditional wording of the settlement agreement.
The settlement agreement became a binding contract upon the wife's receipt of the order approving attorney's fees. Thus, the E/C may be excused from performance of the settlement agreement only if the wife's execution as personal representative of the deceased's estate of the general release and voluntary resignation did not amount to performance under the contract's terms. The general rule is that contracts for personal services contain an implied condition that such contracts dissolve at the time of the contractor's death. See CNA Int'l Reinsurance Co., Ltd. v. Phoenix, 678 So.2d 378, 380 (Fla. 1st DCA 1996). Restatement (Second) of Contracts § 262 defines a contract for "personal services" as a contract where the existence of a particular person is necessary for the performance of a duty. In addition, section 733.612(2), Florida Statutes (2004), authorizes a personal representative to "perform or compromise, or when proper, refuse to perform, the decedent's contracts . . . ." Similarly, section *780 733.612(24), Florida Statutes (2004), authorizes a personal representative to "satisfy and settle claims."
The main purpose of this settlement agreement was to bring to a close all litigation regarding the claimant's workers' compensation claims in return for a settlement payment. The duty of performance on the claimant's part was a duty which could statutorily be performed by his representative in the event of his death through the effectuation of the necessary documents. These were not duties which the claimant's death rendered impossible to perform.
More importantly, the death of a claimant following the execution of a settlement agreement will not affect the agreement's enforcement if the personal representative can show that a binding contract was reached. See Jacobsen v. Ross Stores, 882 So.2d 431 (Fla. 1st DCA 2004). Here, a binding contract was reached at the entry of the trial court's order approving attorney's fees. In addition, the claimant's widow's general release serves to alleviate all fears of further litigation where she, as the representative of the claimant's estate, is the only individual who could litigate claims on the deceased's behalf. Moreover, by virtue of his death, the E/C may rest assured that the claimant will not demand further employment. As such, the claimant's widow's effectuation of the necessary documents performed all duties required of the claimant, rendering the binding settlement agreement non-personal in nature, and requiring performance on the E/C's part.
REVERSED AND REMANDED.
VAN NORTWICK and BROWNING, JJ., concur.