959 So.2d 375 (2007)
Robert MOSS, Jr., Appellant,
v.
Bernetta MOSS, Appellee.
No. 3D06-1529.
District Court of Appeal of Florida, Third District.
June 13, 2007.
*376 William C. Robinson, Tallahassee, for appellant.
Bernetta Moss, in proper person.
Before GREEN and WELLS, JJ., and SCHWARTZ, Senior Judge.
WELLS, J.
Robert Moss, Jr. appeals from an order setting aside a stipulation regarding payment of past due child support based on a finding that he failed to comply with an earlier court order recommending approval of that stipulation. We reverse the order nullifying the stipulation because no material breach occurred that would support nullification.
On February 17, 2006, Robert and Bernetta Moss appeared before a child support enforcement hearing officer on motions to abate child support and to determine arrearages. At the time of the hearing, Mr. Moss, who claimed to have been disabled in a work-related incident, had not worked for six years.
Because the parties' youngest child had attained majority on March 1, 2005, the hearing officer abated Mr. Moss' child support obligations as of that date. The hearing officer also determined that a $47,148.85 child support arrearage was due.
During a break in the proceedings, the parties agreed that rather than paying the entire arrearage due, Mr. Moss (who wanted to settle the arrearage claim before finalizing settlement of his pending workers' compensation claim) would pay $30,000 to Ms. Moss within thirty days:
MR. SCHOLL [Assistant State Attorney]: The 30,000. We have agreed that we will set this case for hearing in the 30 days. It's a date certain. If the check has not been deposited and everything else, we will come back to court and basically we may be starting from scratch again.
If the check is paid before then, we will cancel the hearing. That is the agreement. . . .
(Emphasis added).
Based on this agreement, the hearing officer entered an order re-setting the matter for March 24, 2006, one week after payment was due, but confirmed that if payment was made before that date, the parties did not have to attend. The hearing officer also confirmed that if Mr. Moss did not pay, "arrears will remain at $47,148.85."
Two days later, Ms. Moss notified Mr. Moss and her attorney that she was unilaterally repudiating the agreement. Mr. Moss nonetheless settled his workers' compensation claim so that he could make the agreed upon $30,000 payment. On March 14 or 15, 2006, Mr. Moss' attorney received a check in settlement of Mr. Moss' workers' compensation claim. But because this check had to clear counsel's account before Ms. Moss could be paid, the $30,000 settlement check was not tendered to her attorney until March 20three days late. Ms. Moss' counsel refused to accept it.
Four days later, the parties appeared before the child support hearing officer. Mr. Moss tendered the settlement check again. It was again refused because, as counsel for Ms. Moss explained, Ms. Moss had repudiated the agreement long before the first tender was due and the first tender was three days late:
MR. SCHOLL: . . . Now, [Ms. Moss] notified me a couple of days after the [February 17] hearing saying that she found out about this additional information [about the workers' compensation claim settlement] and that she no longer wanted to go through with the deal.
. . . .

*377 Counsel appearedMr. Robinson appeared here on the 20th wanting me to accept the $30,000 check, and I told him based on [the order requiring payment by the 17th] and based upon what my client had said to me that I could not accept the check. . . .
Finding that Mr. Moss "failed to comply with the Court order of February 17, 2006," the hearing officer nullified the settlement agreement.
Mr. Moss argues here that the settlement was predicated on the imminent resolution of his pending workers' compensation claim, and that his tender of the settlement proceeds three days late a delay caused by not receiving the workers' compensation settlement proceeds in time to make a tender within thirty dayswas not a material breach that would justify nullifying the agreement. We agree.
As explained in Sublime, Inc. v. Boardman's Inc., 849 So.2d 470, 471 (Fla. 4th DCA 2003):
As a general rule, time is considered to be of the essence where an agreement specifies, or where such may be determined from the nature of the subject matter of the contract, or where treating time as non-essential would produce a hardship, or where notice has been given to the defaulting party requiring that the contract be performed within a stated time, which must be a reasonable time according to the circumstances.
See Centurion Air Cargo, Inc. v. United Parcel Service Co., 420 F.3d 1146, 1151 (11th Cir.2005) (stating that "to constitute a material breach, the late payment must occur where time is of the essence").
As observed in Rose v. Ditto, 804 So.2d 351, 352 (Fla. 4th DCA 2001), quoting National Exhibition Co. v. Ball, 139 So.2d 489 (Fla. 2d DCA 1962), "[t]he modern trend of decisions concerning brief delays by one party in performance of a contract or conditions thereunder, in the absence of an express stipulation in the contract that time is of the essence, is not to treat such delays as a failure of a constructive condition discharging the other party unless performance on time was clearly an essential and vital part of the bargain." In Rose, the Fourth District concluded that a two day delay by a former husband in making the first installment payment due on a settlement agreement of a child support arrearage was not a material breach.
In this case, the parties did not stipulate that time was of the essence. Both of the parties' children had attained majority long before this agreement was reached and there is no evidence that treating time as non-essential would produce a hardship on either party. Rather, the thirty day deadline appears to have been selected as a reasonable amount of time for Mr. Moss to finalize the pending settlement of his workers' compensation case and to make payment of the support arrearage from those proceeds. There is nothing in the record to suggest that Mr. Moss did not diligently pursue finalizing that settlement, only that the settlement check did not arrive in time to clear and be used to make the arrearage payment within thirty days.
Accordingly, we conclude the proffer of an attorney's trust account check on March 20 and again at the time of the March 24 hearing should have been deemed to constitute substantial compliance with the parties' agreement. The order under review is, therefore, reversed and this cause remanded for further proceedings in accordance herewith.