966 So.2d 1001 (2007)
Donna L. THOMAS, f/k/a Donna L. Fusilier, Appellant,
v.
Steven R. FUSILIER, Appellee.
No. 5D07-2232.
District Court of Appeal of Florida, Fifth District.
October 12, 2007.
*1002 Marcia K. Lippincott, of Marcia K. Lippincott, P.A., Lake Mary, and Linda K. Phipps, Winter Park, for Appellant.
Lauren C. Heatwole and Rebecca L. Palmer of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for Appellee.
EVANDER, J.
The former wife appeals from a trial court order denying her motion to enforce a marital settlement agreement. The trial court found that the former wife was not entitled to receive a $250,000.00 equitable distribution payment because she was twelve days late in moving from the marital residence. We reverse.
The parties were married almost fifteen years. On December 15, 2006, they entered into a marital settlement agreement. Pursuant to the agreement, the former husband was to pay the former wife $2,000,000.00 to equalize the equitable distribution; $750,000.00 was to be paid to the former wife upon the execution of the agreement, and $250,000.00 was to be paid upon the former wife vacating the marital home. The remaining $1,000,000.00 was to be paid from the net proceeds derived from the sale of the home.
The former wife was initially entitled to temporary exclusive use and possession of the home. However, the agreement provided that the former wife was required to vacate the residence "no later than sixty (60) days" from the date of the agreement. Upon the former wife vacating the home, the former husband would have up to six months to sell the residence. If the sale netted more than $1,000,000.00, the former wife would receive the first $1,000,000.00 and the parties would equally divide the remaining proceeds. Unless sold, the residence was to remain vacant during this six-month period.
On December 18, 2006, a final judgment of dissolution of marriage was entered. The marital settlement agreement was incorporated into the final judgment. The former wife did not vacate the marital home until February 25, 2007  seventy-two days after the date of the agreement. When the former husband failed to make the $250,000.00 payment, the former wife filed a motion to enforce.
At the hearing on the motion to enforce, the former wife testified that pregnancy complications made it difficult for her to move. She acknowledged that she was aware of her pregnancy at the time she executed the marital settlement agreement. The former husband did not present any evidence that he had been damaged by the twelve-day delay. Nonetheless, the trial court found that the former wife was not entitled to receive the $250,000.00 because she was 12 days late in vacating the property.
We are not bound by the trial court's conclusion because the interpretation of a contract is a question of law. Accordingly, our review is de novo. WSOS-FM, Inc. v. Hadden, 951 So.2d 61, 63 (Fla. 5th DCA 2007).
*1003 Unless there is a determination that "time was of the essence," a brief delay by one party in the performance of a contract covenant does not discharge the other party's contractual obligations. See Moss v. Moss, 959 So.2d 375, 377 (Fla. 3d DCA 2007); Rose v. Ditto, 804 So.2d 351, 352 (Fla. 4th DCA 2001); Nat'l Exhibition Co. v. Ball, 139 So.2d 489, 492 (Fla. 2d DCA 1962).
Time is considered to be "of the essence" when one of the following circumstances apply:
(1) where there is an express recital in the party's contract;
(2) where it can be determined from the subject matter of the contract that time was clearly an essential and vital part of the bargain;
(3) where the treatment of time as non-essential would produce a hardship to the non-defaulting party; or
(4) where notice has been given to the defaulting party requiring that the contract be performed within a stated time, which must be reasonable according to the circumstances.
See Moss, 959 So.2d at 377; Sublime, Inc. v. Boardman's, Inc., 849 So.2d 470, 471 (Fla. 4th DCA 2003).
None of the foregoing circumstances exists in this case.
First, the agreement does not specifically state that "time is of the essence." The agreement does mention the sixty-day time frame in five separate places  but never utilizes the simple words that time is of the essence.
Second, the subject matter of the agreement does not compel a finding that time was of the essence. Florida courts have generally found that a brief delay in performing a covenant set forth in a settlement agreement does not constitute a material breach absent an express recital that time was of the essence. See, e.g., Moss, 959 So.2d at 375 (father's three-day delay in the proffer of check to mother to settle child support arrearages per terms of their settlement agreement was not a material breach that would justify nullifying the agreement); Rose, 804 So.2d at 351 (former husband's two-day delay in making first installment payment on settlement agreement regarding child support arrearages was not a material breach); Edward Waters College, Inc. v. Johnson, 707 So.2d 801 (Fla. 1st DCA 1998) (college's tender of payment one day late was not a material breach of settlement agreement).
Third, the treatment of time as non-essential would not have produced a hardship. The former husband did not present any evidence that he had been damaged as the result of the former wife's belated departure from the marital residence.
Fourth, the former husband did not give any post-default notice to the former wife.
The former husband contends that his obligation to pay the former wife $250,000.00 was conditioned on the former wife timely vacating the marital home. We reject this argument. The applicable provision reads:
The Husband shall pay the Wife . . . Two Hundred Fifty Thousand Dollars ($250,000.00) . . . when the Wife moves out of marital home, which shall be no later than sixty (60) days of the execution of the Marital Settlement Agreement.
(Emphasis added)
This provision establishes a time for payment  not a condition of payment. In reaching this conclusion, we find it is significant that the parties utilized the term "when," not, "if," "provided that," or "on condition that."

*1004 While no particular words are necessary for the existence of a condition, such terms as `if,' `provided that,' `on condition that,' or some other phrase that conditions performance, usually connote an intent for a condition rather than a promise.
In re Estate of Boyar, 592 So.2d 341, 343 (Fla. 4th DCA 1992). We also find it significant that the $250,000.00 was to be paid to equalize equitable distribution. In essence, the $250,000.00 was the former wife's money. The effect of the trial court's ruling would be to cause a forfeiture simply because the former wife was twelve days late in vacating the marital residence. Forfeitures are disfavored. If a contract is fairly susceptible of an interpretation which will prevent a forfeiture, it is to be so construed. Id. In this case, the marital settlement agreement should have been construed so as to prevent a forfeiture.
REVERSED and REMANDED.
GRIFFIN and ORFINGER, JJ., concur.