PER CURIAM.
 

 Claimant appeals the Judge of Compensation Claims’ (JCC) final order of January 29, 2008, denying penalties and interest on a lump-sum settlement. For the reasons set forth below, we reverse.
 

 Factual Background
 

 Claimant, represented by counsel, entered into a washout settlement agreement (Agreement) which provides, in relevant part: “The parties agree to settle this case in its entirety for the sum of $200,000.00, inclusive of Attorney Fees and Costs”; “Claimant agrees to execute a general release and waiver”; “this agreement is contingent upon excess carrier approval”; “this agreement shall survive the execution or non execution of subsequent settlement documents.” The Agreement does not address penalties and interest for late payment.
 

 Claimant moved for approval of attorney’s fees. On October 15, 2007, the JCC issued an order approving attorney’s fees (October 15, 2007, order), which provides in relevant part, “[t]he entire settlement shall be subject to penalties and interest if payment is not rendered timely.” The order indicates it was mailed to the parties on October 17, 2007. On October 18, 2007, the Employer/Carrier (E/C) issued a check with the notation “Attorney Fee — Order 10/15/07.”
 

 On November 20, 2007, the E/C moved to vacate the October 15, 2007, order, arguing it was never forwarded to the E/C or its counsel, and Claimant had not yet executed a release “as required as a condition precedent to the settlement agreement.” Significantly, the E/C did not argue the parties had not negotiated penalties and interest. On the same day, Claimant executed a release, which the E/C received on December 5, 2007. On December 5, 2007, the JCC summarily denied the E/C’s motion to vacate. The E/C did not appeal the denial. The settlement checks were sent on December 4 and 5, 2007. Thereafter, Claimant filed a petition for benefits seeking penalties and interest for the late payment.
 

 At the hearing on the petition, Claimant argued the October 15, 2007, order was final and binding as to Claimant’s entitlement to penalties and interest. Claimant presented his wife’s testimony that her attendance at the mediation conference led her to believe Claimant would be entitled to penalties and interest if the settlement proceeds were paid late. The E/C presented testimony from the adjuster that she did not receive notice of the October 15, 2007, order approving attorney’s fees until November 20, 2007, and argued Claimant’s release was a condition precedent, and the order should not have been entered until the release was executed.
 

 By final order entered July 29, 2008, the JCC denied penalties and interest. The
 
 *143
 
 JCC found Claimant’s wife’s testimony on the parties’ intent to negotiate penalties and interest “does not overcome the Agreement,” Claimant’s execution of a release was a condition precedent to the Agreement, the payment was not late, and, despite the October 15, 2007, order, penalties and interest were prohibited by section 440.20(ll)(c), Florida Statutes.
 

 On appeal, Claimant first argues the payment was late, penalties and interest were negotiated as part of the Agreement, the E/C did not argue the parties had not negotiated penalties and interest, and penalties and interest were awarded by the October 15, 2007, order. Second, Claimant argues his execution of a release was not a condition precedent. Third, Claimant argues the JCC’s finding the E/C had no notice of the October 15, 2007, order is not supported by competent, substantial evidence.
 

 Effect of October 15, 2007, Order
 

 A JCC’s order becomes final 30 days after mailing of such order to the parties, unless appealed.
 
 See Batista v. Publix Supermarkets, Inc.,
 
 993 So.2d 570, 573 (Fla. 1st DCA 2008). A JCC “may vacate or amend an order not yet final.” Fla. Admin. Code R. 60Q-6.122(5). “Once an unambiguous order becomes final, the JCC is without jurisdiction to amend, vacate, or republish it.”
 
 RTG Furniture Corp. v. Alford,
 
 907 So.2d 561 (Fla. 1st DCA 2005).
 

 Here, the October 15, 2007, order was not vacated within 30 days, and it is unambiguous on its face. Accordingly, it became final on November 16, 2007. Consequently, the ruling therein that penalties and interest were due on a late payment is binding. Under
 
 RTG,
 
 the JCC lacked jurisdiction to revisit that ruling after the date the order became final, because the E/C’s motion to vacate was not filed until November 20, 2007. By the same reasoning, the JCC lacked jurisdiction to revisit that ruling in the instant final order on appeal.
 

 Even if the JCC had jurisdiction over the motion to vacate, res judicata would bar him from ruling on the same claims in the order on appeal.
 
 See Nelson & Co. v. Holtzclaw,
 
 566 So.2d 307 (Fla. 1st DCA 1990) (holding workers’ compensation orders are subject to the same principles of res judicata as judgments of courts). The E/C raised two claims in the motion to vacate: (1) it lacked notice of the October 15, 2007, order; (2) the condition precedent of the release had not been met. The JCC denied the motion on its merits.
 
 [1]
 
 The E/C did not appeal the ruling. Accordingly, to the extent the order on appeal contains rulings that the E/C lacked notice of the October 15, 2007, order and that the release was a condition precedent, these rulings are error, and, in any event, do not affect the finality or applicability of the October 15, 2007, order.
 

 The JCC rejected the October 15, 2007, order as a basis for awarding penalties and interest, reasoning, correctly, that section 440.20(1l)(c), Florida Statutes, precludes a statutory basis for an award of penalties and interest on lump-sum settlements such as Claimant’s. However, the October 15, 2007, order does not base its ruling on the statute. Claimants represented by counsel are free to negotiate, as part of a settlement agreement, for payment of an increased benefit should the payment of settlement proceeds be late.
 
 Lucas v. Englewood Cmty. Hosp.,
 
 963
 
 *144
 
 So.2d 894 (Fla. 1st DCA 2007). The October 15, 2007, order expressly providing for penalties and interest is itself evidence suggesting Claimant did so here.
 

 Timeliness Of Payment
 

 “Payment of the lump-sum settlement amount must be made within 14 days after the date the judge of compensation claims mails the order approving the attorney’s fees.” § 440.20(ll)(e), Fla. Stat. (2007).
 

 Here, the October 15, 2007, order approving attorney’s fees was mailed October 17, 2007, and payment was not made until December 4 and 5, 2007. Accordingly, the payment was late. This delay in payment exceeds the 14 days dictated by section 440.20(ll)(c), Florida Statutes. As discussed below, the release was not a condition precedent; therefore, the delay in the release did not affect the finality of the order approving the attorney’s fee.
 

 Weight of wife’s testimony
 

 It is the JCC’s responsibility to evaluate and weigh evidence.
 
 See Wintz v. Goodwill,
 
 898 So.2d 1089, 1093 (Fla. 1st DCA 2005). A JCC’s rulings on weight and credibility are reviewed for abuse of discretion.
 
 Frederick v. United Airlines,
 
 688 So.2d 412, 413 (Fla. 1st DCA 1997).
 

 Here, the JCC was entitled to weigh the testimony of Claimant’s wife on the parties’ intent to negotiate penalties and interest against the Agreement. The JCC’s finding that her testimony did not overcome the written agreement was not an abuse of discretion. However, to the extent the JCC found the parties did not negotiate penalties and interest, such a finding is not supported by competent, substantial evidence, in light of the October 15, 2007, order ruling penalties and interest would be due if payment of the settlement proceeds was late.
 

 Condition Precedent
 

 Review of a JCC’s interpretation of a settlement agreement is de novo.
 
 Klatt v. Wal-Mart Stores, Inc.,
 
 913 So.2d 79, 80 (Fla. 1st DCA 2005). “Provisions of a contract will only be considered conditions precedent or subsequent where the
 
 express
 
 wording of the disputed provision conditions formation of a contract and or performance of the contract on the completion of the conditions.”
 
 Gunderson v. Sch. Dist. of Hillsborough County,
 
 937 So.2d 777, 779 (Fla. 1st DCA 2006) (emphasis added). Conditions precedent are not favored.
 
 Id.
 
 (citing
 
 In re Estate of Boyar,
 
 592 So.2d 341, 343 (Fla. 4th DCA 1992)).
 

 Here, the Agreement provided that Claimant agreed to execute a release, but did not expressly condition formation of the Agreement on the execution of the release. In contrast, the parties used express language to make excess carrier approval a condition precedent, by providing, “this agreement is contingent upon excess carrier approval”; they did not use the same language with respect to the release. Therefore, the JCC erred in ruling that execution of the release was a condition precedent, and that payment became due upon execution of the release.
 

 Notice
 

 A certificate of service creates a rebutta-ble presumption that notice was received.
 
 See generally Abrams v. Paul,
 
 453 So.2d 826 (Fla. 1st DCA 1984). Where the employer is not a self-insurer, notice to the employer is notice to the carrier. § 440.41, Fla. Stat. (2005).
 

 Here, the JCC found that the E/C’s adjuster did not receive the October 15, 2007, order. Significantly, the JCC did not find that the E/C as a whole lacked notice of the October 15, 2007, order. Had the JCC made such a finding, it would not
 
 *145
 
 be supported by competent, substantial evidence. Undisputed evidence in the record indicates the E/C had notice of the order. The certificate of service shows the order was mailed, and the E/C did not present evidence that its counsel or the Employer did not receive it. Notably, the E/C’s check of October 18, 2007, disbursed for “Attorney Fee — Order 10/15/07,” indicates the E/C had timely, adequate notice.
 

 Additionally, to the extent the JCC believed he had jurisdiction to rule on the motion to vacate, and the E/C’s argument of lack of notice was raised therein, the JCC rejected that argument when he denied the motion on its merits. Consequently, res judicata would bar any finding in the order on appeal that the E/C lacked notice of the October 15, 2007, order.
 

 Conclusion
 

 For the foregoing reasons, we REVERSE the JCC’s order and REMAND for proceedings consistent with this opinion.
 

 HAWKES, C.J., ALLEN and CLARK, JJ., concur.
 

 [1]
 

 . The JCC's decision to deny, rather than dismiss, the motion indicates he attempted to rule on its merits.