DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PENNYMAC LOAN SERVICES LLC**,
Appellant,

v.

**EDDY E. USTAREZ** a/k/a **EDDY USTAREZ,**
Appellee.

No. 4D19-3547

[September 16, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Roger B. Colton, Senior Judge; L.T. Case No. 502019CA001667.

Nancy M. Wallace of Akerman LLP, Tallahassee, William P. Heller of Akerman LLP, Fort Lauderdale, and Eric M. Levine of Akerman LLP, West Palm Beach, for appellant.

Malcolm E. Harrison and Michelle Moore of the Law Office of Malcolm E. Harrison, Wellington, for appellee.

ARTAU, J.

PennyMac Loan Services LLC ("PennyMac") appeals the involuntary dismissal of its foreclosure action. Because PennyMac provided sufficient evidence to support a prima facie case, we reverse.

In 2014, Eddy E. Ustarez ("the Borrower") executed a promissory note secured by a mortgage expressly incorporating federal Housing and Urban Development ("HUD") regulations:

> Regulations of HUD Secretary. In many circumstances[,] regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

The HUD regulation at issue in this case provides, in pertinent part:

(b) The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting . . . .

24 C.F.R. § 203.604(b) (2019).

PennyMac filed a complaint to foreclose on the Borrower's mortgage. In response to the complaint, the Borrower affirmatively pled that PennyMac failed to satisfy a condition precedent to foreclosure by not conducting a face-to-face meeting with the Borrower pursuant to 24 C.F.R. § 203.604(b). PennyMac responded that it did make a reasonable effort to arrange a face-to-face meeting with the Borrower, and that the meeting was not a condition precedent to foreclosure.

The pertinent regulation provides that a face-to-face meeting is not required if: "A reasonable effort to arrange a meeting is unsuccessful." 24 C.F.R. § 203.604(c)(5) (2019). The regulation further provides that a reasonable effort to arrange a face-to-face meeting "shall consist at a minimum of one letter sent to the mortgagor certified by the Postal Service as having been dispatched" and "at least one trip to see the mortgagor at the mortgaged property . . . ." 24 C.F.R. § 203.604(d) (2019).

At trial, PennyMac presented evidence that it mailed a certified face-to-face letter to the Borrower and made at least one trip to the mortgaged property. PennyMac's field representative testified she visited the property to arrange a face-to-face meeting with the Borrower. However, it appeared no one was home that day, so she taped a letter to the Borrower's front door as required under company policy. The letter urged the Borrower to contact PennyMac to arrange a face-to-face meeting.

PennyMac introduced, and the trial court admitted, copies of: (1) the face-to-face letter certified by the Postal Service; (2) PennyMac's letter log detailing outgoing correspondence; (3) the field representative's report documenting the visit to the property; and (4) a copy of the face-to-face letter that was taped to the Borrower's front door.

The Borrower testified that he was home on the day of the alleged visit, but no one knocked on his door or rang his doorbell. He further testified that he found nothing taped to his front door.

After the parties rested, the trial court sua sponte entered an involuntary dismissal.

2

### *Note and Mortgage*

On appeal, PennyMac contends that 24 C.F.R. § 203.604 does not operate as a condition precedent to foreclosure, as it is an administrative regulation subject to monetary sanctions and not a bar to filing a foreclosure complaint.

We agree with that argument. In *Bank of America, N.A. v. Siefker*, 201 So. 3d 811 (Fla. 4th DCA 2016), we refused to construe section 559.715, Florida Statutes (2012)—which requires a creditor to provide notice of assignment to the debtor no later than thirty days before any action to collect the debt—as a condition precedent to bringing a foreclosure suit. *Id.* at 818. We explained that because the Legislature provided sanctions for a violation of that statute—and because a bar to filing suit was not provided by the Legislature—we could not alter the statutory scheme by construing section 559.715 as a condition precedent to foreclosure. *Id.* Moreover, in *Gunderson v. School District of Hillsborough County*, 937 So. 2d 777 (Fla. 1st DCA 2006), our sister court explained: "Provisions of a contract will only be considered conditions precedent or subsequent where the express wording of the disputed provision *conditions* formation of a contract and or performance of the contract on the completion of the conditions." *Id.* at 779. Thus, we agree that the pertinent HUD regulation here is not, in and of itself, a condition precedent to foreclosure.

However, the text of the Borrower's note and mortgage "does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary." And 24 C.F.R. § 203.500 provides that "no mortgagee shall commence foreclosure or acquire title to a property until the requirements of [subpart C-servicing requirements, inclusive of § 203.604] have been followed." 24 C.F.R. § 203.500 (2019). As a result, PennyMac contractually agreed to self-impose the HUD regulation on itself before accelerating and foreclosing here. *See Bank of Am., N.A. v. Jones*, 294 So. 3d 341, 342–43 (Fla. 4th DCA 2020) (holding that although note and mortgage there required compliance with HUD regulation, mortgagee established a prima facie case of excusal from the face-to-face meeting requirement upon borrower's refusal to meet).

### *Prima Facie Case for Foreclosure*

Nonetheless, PennyMac presented sufficient evidence to withstand involuntary dismissal.

The standard of review applicable to a trial court's ruling on a motion for involuntary dismissal is de novo. *Deutsche Bank Nat'l Tr. Co. v. Huber*,

137 So. 3d 562, 563 (Fla. 4th DCA 2014). "A motion for involuntary dismissal under Florida Rule of Civil Procedure 1.420(b) in a non-jury trial can be equated to a motion for directed verdict in a jury trial." *Id.* (citing *Deutsche Bank Nat'l Tr. Co. v. Clarke*, 87 So. 3d 58, 60 n.1 (Fla. 4th DCA 2012)).

When reviewing an involuntary dismissal, the appellate court must view the evidence and all inferences of fact in the light most favorable to the nonmoving party. *Huber*, 137 So. 3d at 563; *see also Boca Golf View, Ltd. v. Hughes Hall, Inc.*, 843 So. 2d 992, 993 (Fla. 4th DCA 2003) ("Like a directed verdict in a jury trial, an involuntary dismissal is appropriate if the plaintiff fails to establish a prima facie case.").

PennyMac submitted prima facie evidence showing it mailed a certified face-to-face letter to the Borrower and made the minimum one visit to the property, where it posted an invitation to conduct a face-to-face meeting, as required by the self-imposed HUD regulation. When this evidence, and all its reasonable inferences, are considered in the light most favorable to PennyMac, the documentary and testimonial evidence were undoubtedly sufficient to present a prima facie case for foreclosure and withstand involuntary dismissal. Accordingly, we reverse the order of involuntary dismissal and remand this case for further proceedings consistent with this opinion.

*Reversed and Remanded.*

DAMOORGIAN and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**